## KEEP & HALE *against* GOODRICH.

THIS was an action of *assumpsit*. The declaration contained three counts. The first stated, that certain differences having arisen between the plaintiffs, as executors of *Nathan Hale*, deceased, and the defendant, concerning a promissory note, made by the defendant to their testator, dated the 7th day of *February*, 1797, by which the defendant promised to pay him, for value received, 69*l.* 3*s.* 8*d.* lawful money, on demand, with lawful interest, at six per cent., in certain liquidated securities given by the treasurer of *Connecticut;* and that to put an end to such differences, the parties, heretofore, to wit, &c. " respectively submitted themselves to the award of *John Elmore*, to be made between them, of, and concerning the said differences; and in consideration thereof, and that the plaintiff, at the special instance and request of the defendant, had, then and there, undertaken, and promised the defendant to perform and fulfil the award of the said *John Elmore*, to be made, &c. of and concerning the said differences, in all things on their part to be performed and fulfilled, he, the defendant, undertook, &c. to perform and fulfil the said award, in all things," &c. The plaintiffs averred that *Elmore* having taken upon himself the burthen of the arbitrament, did, on the 15th of *May*, 1814, at, &c. make his award in writing, &c. and thereby awarded, that the defendant should pay the said plaintiffs, as executors aforesaid, the sum of 391 dollars and 31 cents, in full satisfaction of their claim on the said note, of which said award, the said defendant, afterwards, to wit, &c. had notice; and although often requested, &c. to pay the said sum, &c. according to the tenor and effect of the said award, and of his promise, &c.; yet, not regarding, &c. he did not pay, &c. The second count was on an

In assumpsit, on a parol submission to arbitration, where the promise of the defendant, to perform the award of E., was stated to be in consideration of the plaintiffs' promise to fulfil the award, on his part, and both promises were laid in the declaration to be concurrent; and the proof at the trial was, that though the defendant, several times, prior to the 28th of January, 1814, had agreed to abide by the award of E., yet that, at that time, the plaintiff declared to E. that though the defendant was to be bound by his award, he, the plaintiff, was not to be bound; but afterwards he told E. that he would be bound by his award, and E., without any further communication with the parties, made his award in *May*, 1814: It was held, that the promises in this case not being concurrent, the defendant's promise was a *nudum pactum*, and not binding on him.

NEW-YORK,
Oct. 1815.

KEEP & HALE
v.
GOODRICH.

*insimul computassent.*  The third count was also on an *insimul computassent*, with the plaintiffs, *as executors,* &c.

The defendant pleaded the general issue, with notice of set-off.

At the trial, the plaintiffs gave in evidence, a letter of the defendant, dated *Albany, August* 19th, 1811, addressed to *John Elmore,* in which, speaking of the claim of the plaintiffs, and alleging that he owed nothing, he says : "But I have agreed for you to say what I shall do in this case, and hold myself obligated accordingly," &c.  On the 23d of *November,* 1811, the defendant again wrote to *Elmore* on the same subject, and promised to send him some papers relative to his payments, &c.

On the 8th of *January,* 1814, he again wrote to *Elmore,* and, after mentioning that he had been called on again by the plaintiffs, about the business, he says : " I still wish you to make up your mind on this business, as I am willing to agree to your decision, and abide your judgment."

The defendant, on the 8th of *January,* 1814, wrote to *Elmore* as follows : " I wrote you some time since, concerning Squire *Hale* and myself.  I wish you to make up your mind according to what you have understood, as you have had more knowledge than any other person about my business.  I think I made a kind of statement to you.  I am called upon by Mr. *Keep,* and have renewed a line to you on the matter ; and I wish you to look into the business, and give your opinion, for a full settlement of the business," &c.  " N. B. I am willing to have the note matter settled on your opinion."

On the 28th of *January,* 1814, *Elmore,* who lived at *Canaan,* in the state of *Connecticut,* wrote to the defendant at *Albany,* acknowledging the receipt of his letter of the 8th of *January,* saying, he should have no objection to determine what was right in the matter, if they (the plaintiffs) would agree to it, after having the circumstances stated to him again, as they were somewhat out of his mind.  " But they will not agree to abide my judgment ; for *J. Hale* (one of the plaintiffs) told me, when he called on me, some time since, for my opinion in the matter, that you was bound to abide my judgment, but he was not, unless he liked it.  I then told him, I would not determine it, unless he was bound also.  If they will agree with you, to refer their claim to me, and give me a statement of the fact, I will determine the question between you."

*Elmore* testified, that he had not seen the defendant for some time previous to the 19th of *August,* 1811, nor since, until after he made his award; and that the defendant had never appeared before him, nor submitted the matter in controversy to him, otherwise than as is contained in the above letters.    That after writing the letter to the defendant, of the 28th of *January,* 1814, one of the plaintiffs, who resided at *Goshen,* in *Connecticut,* called on him, and agreed that they would be bound, and abide by his award.    No notice of the time and place where he would meet, to make up an award, was given by him, to the defendant; nor did he inform the defendant, that he had taken upon himself to decide between the parties ; nor that the plaintiffs had agreed to abide by his decision; nor was the defendant present when he undertook to make up his decision.

The plaintiffs produced an award in writing, dated, *Canaan, May* 15th, 1814, which, after reciting that the plaintiffs, as executors, &c. and the defendant, had submitted the controversy subsisting between them, relative to a promissory note, &c. and that, "having heard the parties, and taken the case into consideration," he was of opinion that there was due to the plaintiffs, as executors, &c., on the said note, 391 dollars and 31 cents ; and, therefore, he awarded, that the defendant should pay to the plaintiffs the said sum, in full satisfaction for their claim on the said note.

The judge charged the jury, that, in his opinion, there was sufficient evidence of a submission, on the part of the defendant, of the matter in difference between the plaintiffs and defendant ; and that, without regarding the matter as a submission to *Elmore,* he might be considered as having been constituted the agent of the defendant, to adjust and ascertain the amount due on the note.   The jury found a verdict for the plaintiffs, for 417 dollars and 50 cents.

A motion was made to set aside the verdict, and for a new trial.

*Parker,* for the defendant.

*H. Bleecker,* contra.

SPENCER, J., delivered the opinion of the court.   It is very clear, that *Elmore* did not act as the private agent of the defend-

ant, in adjusting the claim made on him by the plaintiffs. He made a formal award between the parties, and refused to act, unless the plaintiffs agreed to be bound also. The count on an *insimul computassent* cannot be maintained.

The real question is, whether the defendant is bound by the award, it appearing clearly in evidence, that the plaintiffs refused to be concluded by it, up to the 28th of *January*, 1814. Subsequent to that time, the plaintiffs agreed to be bound by the award; but the defendant's agreement to submit to *Elmore*, and to be bound by his decision, was on, or anterior to, the 8th of *January*, 1814; so that there was no point of time when both parties bound themselves, by agreement with each other, to submit their controversy to *Elmore*, and to be bound by his award.

In *Livingston* v. *Rogers*, (1 *Caines' Rep.* 583,) it was decided, that in *assumpsit* on mutual promises, the declaration must allege that they were concurrent. In that case, the promise was stated, " and that in consideration the plaintiffs had, at the defendant's request, promised to perform his part; the defendant, afterwards, to wit, the same day, promised," &c. The court were of opinion that the judgment ought to be arrested; but there being a good count, and a motion to amend, leave was given for that purpose, on payment of all the costs.

The only consideration, in this case, for the defendant's promise, is the plaintiffs' promise; and it is alleged, in both counts on the award, that the defendant's promise was made in consideration of the plaintiff's promise, and both promises are laid as concurrent acts; and we have seen, that if the promises were not alleged to have been made concurrently, it would have been good ground for arresting the judgment. It is a necessary consequence, that the proof should support this allegation in the declaration, and show that, in point of fact, the promises were considerations reciprocally for the parties. Here the proof negatives the fact, that the consideration of the defendant's promise to submit and abide by the award of *Elmore*, was, that the plaintiffs had, at the same time, made the like promise; for it clearly appears, that the plaintiffs refused to submit and be bound by *Elmore's* award, long after the defendant professed a willingness to make the submission.

In *Tucker* v. *Woods*,* we recognised the principle that, in contracts where the promise of one party is the consideration

* Ante, 190.

.for the promise of the other, the promises must be concurrent and obligatory upon both at the same time; and, in addition to the case in *Caines*, 1 *Chitty's Pl.* 297., and 3 *T. R.* 653., were cited, which fully warrant the position. The same doctrine is contained in *Paine* v. *Cave*, (3 *T. R.* 148.) and in *Kingston* v. *Phelps*, (*Peake's N. P.* 227.) The plaintiff proved that the defendant consented to be bound by an award to be made on a submission by other underwriters on the same policy, but the witness proved no agreement on the part of the plaintiff to be bound by the award. Lord *Kenyon* held, that there was no mutuality, and, therefore, the defendant's agreement was a mere *nudum pactum.* It is correctly stated by *Kent*, J., in *Livingston* v. *Rogers*, that *Hobart* (88.) observes, that the promises must be at one instant; for, else, they will be both *nuda pacta.*

There must be a new trial, with costs to abide the event of the suit.

New trial granted.