(May 8, 1912.)

# M. M. HOUSER, Appellant, v. ED HOBART and JAMES HOBART, Respondents.

[127 Pac. 997.]

FRAUDS—STATUTE OF—CONTRACT—MEMORANDUM OF—CONCURRENT PROM-
ISES—OBLIGATIONS—MUTUALITY—VOID FOR WANT OF—PARTIES TO
BE CHARGED—SIGNED BY—SUFFICIENCY OF MEMORANDUM.

(Syllabus by the court.)

1. Sec. 6009, Rev. Codes, provides that certain agreements are invalid unless the same, or some note or memorandum thereof, be in writing and subscribed by the party charged, or his agent, and the evidence of such agreement cannot be received without the writing or secondary evidence of its contents.

2. Where H. & H., as parties of the first part, agree with H., as party of the second part, that the first party "hereby sells and agrees to deliver to the second party . . . . all our Barley raised this season except 400 sacks on or before October 1st, 1911 Sacked and in good condition . . . . party of the second party agrees to pay $117½ for white winter Barley and 112 for blue Barley . . . . (Signed) Ed Hobart and James Hobart," and not signed by the second party, and no part of the consideration is paid, *held*, not sufficient to take the contract out of the provisions of sec. 6009, Rev. Codes.

3. An agreement entered into between competent parties, in order to be binding, must be mutual, and this is especially true when the consideration consists of mutual promises, and if it appears that one party never was bound on his part to do the acts which form the consideration for the promise of the other, the agreement is void for want of mutuality.

4. The rule of law that a promise is a good consideration for a promise requires that there should be an absolute mutuality of engagements so that each party may have an action upon it or neither will be bound.

5. Under the provisions of sec. 6008, Rev. Codes, a court may compel the specific performance of an agreement in case of part performance thereof.

6. Under the provisions of sec. 16, Rev. Codes, the singular number includes the plural and the plural the singular.

7. The provisions of sec. 6009, Rev. Codes, where the note or memorandum therein referred to is required to be subscribed by the

party charged, were intended to and do require such memorandum to be signed by both parties, where the consideration of such contract consists of the mutual promises of each.

8. Under the provisions of sec. 6009, Rev. Codes, some of the contracts referred to therein require the signature of only one party, the party charged, and in other contracts the consideration for which is the mutual promises of the parties to the contract, and where no part of the contract has been performed, the memorandum referred to in said section must be signed by the parties to such agreement or contract in order to take the same out of the provisions of said section and bind both parties.

9. In such contract the promises must be mutual and reciprocal to constitute a consideration obligatory and binding upon each party, so that each may have an action against the other upon it.

10. Said memorandum, to be sufficient under the statute, must be complete in itself as to all the essentials of the contract, and leave no essential to be established by parol.

APPEAL from the District Court of the Second Judicial District for Lewis County. Hon. Edgar C. Steele, Judge.

Action to recover damages for violation of contract to sell barley. Judgment for defendants. *Affirmed.*

Eugene A. Cox, for Appellant.

The weight of authority is that the statute is satisfied if the memorandum be signed by the party sought to be charged alone, or, in other words, by the party defendant in an action brought to enforce the contract, whether he be vendor or vendee. (29 Am. & Eng. Ency. of Law, 2d ed., 858; 20 Cyc. 272, D. 2.)

The Idaho statute seems intended to make clear that the party whose signature is requisite is that of the defendant in the action. Our law does not require the signature "of the party to be charged," but "of the party charged."

While the contract may not be altered by parol evidence, it may be explained, clerical errors detected and corrected, and its language applied by a consideration of the circumstances of the parties, the subject matter, and any usages and customs which they had in contemplation at the time of making the

agreement.   (29 Am. & Eng. Ency. of Law, 2d ed., 421, 424;
12 Ency. of Ev. 15, 16.)

Under practically similar statutes it has been held that the
consideration need not be shown in the memorandum.   (*Stern
v. Deutsch,* 9 Kan. App. 218, 59 Pac. 687.)

Where ambiguity arises as to the consideration to be paid
for the subject matter to be conveyed, parol evidence is re-
ceivable.   (2 Am. & Eng. Ency. of Law, 2d ed., 301.)

Courts of law and equity may correct, merely as a matter
of construction, obvious mistakes of a verbal or clerical char-
acter, so as to bring all parts of the instrument into harmony
with the manifest intent of the parties as gathered from the
instrument itself.   (17 Am. & Eng. Ency. of Law, 2d ed., 19 ;
*Newell v. Radford,* L. R. 3 C. P. 52; *Watts v. Sawyer,* 55 N.
H. 38; *Penniman v. Hartshorn,* 13 Mass. 87; *O'Neil v. Crain,*
67 Mo. 250; *Lerned v. Wannemacher,* 91 Mass. 412; *Darnell
v. Lafferty,* 113 Mo. App. 282, 88 S. W. 784; *Rhodes v. Castner,*
94 Mass. 130; *Gowen v. Klous,* 101 Mass. 449; *Morrison v.
Browne,* 191 Mass. 65, 77 N. E. 527; *California Canneries Co.
v. Scatena,* 117 Cal. 447, 49 Pac. 462; *Butler v. Thompson,*
92 U. S. 412, 23 L. ed. 684; *Bibb v. Allen,* 149 U. S. 481, 13
Sup. Ct. 950, 37 L. ed. 825; *Reid v. Alaska Packing Assn.,*
43 Or. 429, 73 Pac. 337; *Coddington v. Goddard,* 16 Gray
(Mass.), 436; *Pindyck v. Marwell,* 129 N. Y. Supp. 454.)

The fact that the written memorandum of a promise to
answer for the debt of another is ambiguous does not render
it void, under the statute of frauds; but the ambiguity may
be explained by parol evidence.   (*Oppenheim v. Waterbury,*
86 Hun, 122, 33 N. Y. Supp. 183.)

In construing the language of commercial instruments it
must be borne in mind that such instruments are often hur-
riedly drawn by those who are unacquainted with the exact
requirements and phraseology of statutory enactments.   Ju-
dicial construction of such instruments is to be made with
due regard to this fact, rather than with a view of applying
narrow and technical rules.   Any other rule would defeat the
true intent of the parties.   (*Blum v. Blum,* 90 N. Y. Supp.
445.)

The statute is intended as a shield. No particular forms are required, and it looks at the substance of the contract. It requires a note or memorandum of the contract, not a detail of all its particulars. (*Atwood v. Cobb,* 16 Pick. (Mass.) 227.)

The defendants were the party to be charged by the memorandum, and it is signed by them. They should have taken care to procure one from the other party. (*Penniman v. Hartshorn,* 13 Mass. 87; *Mitchell v. LaFollett,* 38 Or. 178, 63 Pac. 54; *Johnson v. Dodgson,* 2 Mees. & W. 653; *Haubelt Bros. v. Rea & Page Mill Co.,* 77 Mo. App. 672; *Trevor v. Wood,* 36 N. Y. 307, 93 Am. Dec. 511; reversing 41 Barb. 255; *Stubblefield v. Imbler,* 33 Or. 446, 54 Pac. 198.)

Perry W. Mitchell, S. O. Tannahill and Geo. W. Tannahill, for Respondents.

It is admitted that no part of the goods or chattels has been received or delivered; that no part of the purchase price has been paid.

A reference to the memorandum will show that none of the provisions of sec. 6009 has been complied with. (*Coffin v. Bradbury,* 3 Ida. 770, 95 Am. St. 37, 35 Pac. 715; *Kurdy v. Rogers,* 10 Ida. 416, 79 Pac. 195.)

Oral testimony cannot be introduced to add to or vary the terms of a written memorandum or agreement. (*Williams v. Morris,* 95 U. S. 444, 24 L. ed. 362.)

Unless the essential terms of the contract can be determined from the contract itself, it is within the statute of frauds, and, if thus defective, the defect cannot be supplied by parol proof, for admitting parol testimony to supply the essential parts of the contract would be to restore the mischief which the enactment of the statute of frauds was framed to prevent. (*Abba v. Smyth,* 21 Utah, 109, 59 Pac. 756; *Peoria Grape Sugar Co. v. Babcock Co.,* 67 Fed. 892; *Van Boskerck v. Torbett,* 184 Fed. 419, 107 C. C. A. 383; *Halsell v. Renfrow,* 202 U. S. 285, 26 Sup. Ct. 610, 50 L. ed. 1032, 6 Ann. Cas. 189; *Ellis v. Denver L. & G. R. Co.,* 7 Colo. App. 350, 43 Pac. 457;

*Williams-Hayward Shoe Co. v. Brooks,* 9 Wyo. 424, 64 Pac. 342.)

Proof of custom is inadmissible to add to or vary the terms or conditions of a written instrument. (*Salomon v. McRae,* 9 Colo. App. 23, 47 Pac. 409.)

The instrument purporting to be a contract was void for lack of mutuality. (*Arnold v. Scharbauer,* 116 Fed. 492; *Harvester King Co. v. Mitchell, Lewis & Staver Co.,* 89 Fed. 173; *Dorsey v. Packard,* 12 How. (U. S.) 126, 13 L. ed. 921; *Pacific Mill Co. v. Inman, Poulsen & Co.,* 50 Or. 22, 90 Pac. 1100; *Tyler Ice Co. v. Coupland,* 44 Tex. Civ. App. 383, 99 S. W. 133; *Benjamin v. Bruce,* 87 Md. 240, 39 Atl. 810.)

The memorandum contains no agreement for Houser to buy the barley. (*Hirschhorn v. Nelden-Judson Drug Co.,* 26 Utah, 110, 72 Pac. 386; *Rafolovitz v. American Tobacco Co.,* 73 Hun, 87, 25 N. Y. Supp. 1036; *Hazelhurst Lumber Co. v. Merc. etc. Co.,* 166 Fed. 191; *Co-operative Telephone Co. v. Katus,* 140 Mich. 367, 112 Am. St. 414, 103 N. W. 814; *Brewer v. Horst-Lachmund Co.,* 127 Cal. 643, 60 Pac. 418, 50 L. R. A. 240, and notes.)

Parol evidence is not admissible to connect separate writings so as to piece out or make, by oral identification, a memorandum sufficient to satisfy the statute of frauds. (*Kling v. Bordner,* 65 Ohio St. 86, 61 N. E. 148; *Ward v. Hasbrouck,* 169 N. Y. 407, 62 N. E. 434; *Mentz v. Newwitter,* 122 N. Y. 491, 19 Am. St. 514, 25 N. E. 1044, 11 L. R. A. 97, and notes; *Johnson & Miller v. Buck,* 35 N. J. L. 338, 10 Am. Rep. 243; *Fowler Elevator Co. v. Cottrell,* 38 Neb. 512, 57 N. W. 19; *Tice v. Freeman,* 30 Minn. 389, 15 N. W. 674; *Turner v. Lorrilard,* 100 Ga. 645, 62 Am. St. 345, 28 S. E. 383; *Manufacturing Co. v. Hendricks,* 106 N. C. 485, 11 S. E. 568; *White v. Breen,* 106 Ala. 159, 19 So. 59, 32 L. R. A. 127; *Cunha v. Callery,* 29 R. I. 230, 132 Am. St. 811, 69 Atl. 1001, 18 L. R. A., N. S., 616; *McGuire v. Stevens,* 42 Miss. 724, 2 Am. Rep. 649.)

In many instances this court has held that if a memorandum or contract is insufficient in itself, the omissions cannot be supplied by parol testimony. (*Morrison v. American Dev.*

*Co.*, 5 Ida. 77, 47 Pac. 94; *Allen v. Kitchen*, 16 Ida. 133, 100 Pac. 1052, 18 Ann. Cas. 914.)

SULLIVAN, J.—This is an appeal from an order sus-taining a demurrer to plaintiff's complaint and from a judgment of dismissal entered upon plaintiff's refusal to plead further. The object and purpose of the appeal is to have determined the sufficiency of a written memorandum for the sale of certain barley, under the statute of frauds. (Subd. 4 of sec. 6009, Rev. Codes.)

The plaintiff is a grain dealer and the defendants are farmers engaged in farming operations near the towns of Vollmer and Nez Perce, in Lewis county. The written memo-randum of contract is as follows:

"Vollmer Idaho Aug 2nd 1911.

"This agreement made and entered into this day by and between Ed Hobert and James Hobert party first part and M M Houser party Second part Witnesseth that We party of the first part hereby sells and agrees to deliver to the second party at Vollmer or Nezperce Railroad Warehouses all our Barley raised this season except 400 Sacks on or before Oct 1st 1911 Sacked and in good Condition no Dockage on ac-count of being Wheaty as grown in field Party of Second party agrees to pay $117½ for white Winter Barley and 112 for Blue Barley less difference in Freight Rate If delivered on Nez Perce Railroad in Case of Damage party agrees to take Customary Dockage Received on above Contract $1.00 as Advance.

"ED HOBART,
"JAMES HOBART."

It is alleged in the complaint that on the 2d day of August, 1911, the plaintiff entered into an oral contract with the defendants for the purchase of their entire crop of barley, except 400 sacks, to be delivered on or before October 1, 1911, at Vollmer or Nez Perce, less freight differential if delivered at Nez Perce, at defendant's option, sacked and in good con-dition, at the price of $1.17½ per cwt. for white winter bar-

ley, and $1.12 for blue barley, and that at the same time and place the parties made said written memorandum of the agreement above set forth, which agreement was signed by the defendants but by inadvertence was not signed by the plaintiff; that thereafter plaintiff wrote to defendants ratifying and confirming the contract and offering to perform the same, and thereby placed in possession of the defendants a sufficient memorandum of said contract; that there is a difference between the freight rates between Vollmer and Nez Perce and that the sellers had the option of delivering at either place, but the freight differential was to be deducted at stated prices if the delivery was made at Nez Perce. The complaint also contains explanations of some of the figures used in said contract and the omission to use decimal points.

The defendants demurred to said complaint on the ground that it was indefinite and uncertain: first, that said memorandum does not show whether Houser was to pay one hundred and seventeen and a half cents or dollars for white winter barley, or one hundred and twelve dollars for blue barley; second, that it does not appear that said Houser was to purchase the particular barley mentioned and described in said memorandum; third, that the complaint does not state facts sufficient to constitute a cause of action, in that said memorandum of agreement purports to be an absolute sale and there is no allegation in the complaint that the barley was worth more at the time of the sale than the price alleged in the complaint, and that it does not appear that the plaintiff had been damaged in any sum whatever; fourth, that said contract is unconscionable in that the plaintiff only undertakes to pay one hundred and seventeen and a half dollars for all of the white winter barley and one hundred and twelve dollars for all of the blue barley raised by the defendants, if the agreement can be construed to pay the said sum to the defendants for their barley; fifth, that said complaint is insufficient in that said memorandum is unconscionable and insufficient for want of mutuality; that it provides for the performance of important and material obligations on the part of the defendants and provides for no

performance of any material obligation on the part of the plaintiff, and that the same is no more than an option, if specific and definite enough for any purpose whatever.

The demurrer was sustained and judgment of dismissal entered. Sustaining the demurrer and entering judgment of dismissal are assigned as errors.

Counsel for appellant claims that said written memorandum of agreement is sufficient to take said contract out of the provisions of subd. 4 of sec. 6009, Rev. Codes, which subdivision and the introductory part of the section is as follows:

"In the following cases the agreement is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent. Evidence, therefore, of the agreement cannot be received without the writing or secondary evidence of its contents: . . . .

"4. An agreement for the sale of goods, chattels, or things in action, at a price not less than two hundred dollars, unless the buyer accept and receive part of such goods and chattels, or the evidences, or some of them, of such things in action, or pay, at the time, some part of the purchase money; but when a sale is made by auction, an entry by the auctioneer in his sale book, at the time of the sale, of the kind of property sold, the terms of sale, the price, and the names of the purchaser and person on whose account the sale is made, is a sufficient memorandum."

Counsel for respondents contend that said written memorandum is not sufficient for the following reasons: 1. That the memorandum is subscribed only by the vendors, and hence is unilateral; 2. That the memorandum imposes no obligation upon the purchaser to buy; 3. That the memorandum does not refer to the grain of defendants, but merely to barley generally; 4. That the kinds of barley to be purchased and paid for are not specifically described; 5. That the bargain as evidenced by the memorandum is unconscionable; 6. That the memorandum evidences an executed sale and not an agreement to sell.

It is admitted that no part of the barley had been received or delivered and that no part of the purchase price had been

paid. The memorandum purports to be a contract between the appellant and the respondents. It is signed by the respondents but is not signed by the appellant. And it is contended that the appellant is not bound thereby because the contract is unilateral. It is, however, alleged in the complaint that at the time the memorandum was signed by the respondents, through inadvertence it was not signed by appellant, but that thereafter the appellant wrote to respondents mentioning the terms of said contract and ratifying and offering to perform the same, but it is not alleged in the complaint when that was done—whether it was after barley had advanced in price or before. But it is contended by counsel for appellant that it is not necessary under the provisions of said sec. 6009 for the appellant to sign said contract or memorandum, as it is there provided that such memorandum must be in writing and subscribed by the "party charged," and as said memorandum is signed by the respondents to this action and they are the parties to be charged, that is sufficient.

We are aware that there is much conflict of authority upon this question. A large and respectable class of authorities hold that a contract which the statute of fraud declares shall not be valid unless a memorandum or note thereof be in writing and signed by the party charged, need only be signed by the party defendant in the suit, and that it is no objection to maintaining such suit and enforcing such contract that the plaintiff did not also sign the same, and for that reason is not bound by its terms. Another and equally respectable class of cases holds that unless the party bringing the action is bound, neither one of them is bound because of the want of mutuality. See *Wilkinson v. Heavenrich*, 58 Mich. 574, 55 Am. Rep. 708, 26 N. W. 139, and authorities there cited. In that case the court did not attempt a reconciliation of the authorities, as it is recognized that reconciliation against such divergent views was impossible, but concluded that as that question was new in the state of Michigan at that time, the court was left to adopt such view as appeared to rest upon reason, principle and justice, and stated:

"It is a general principle in the law of contracts, but not without exception, that an agreement entered into between parties competent to contract, in order to be binding, must be mutual; and this is especially so when the consideration consists of mutual promises. In such cases, if it appears that the one party never was bound on his part to do the act which forms the consideration for the promise of the other, the agreement is void for want of mutuality."

And as the question under consideration is new in this state, this court will adopt that view which it considers to rest upon good reason and sound principle.

As further supporting the view of the Michigan court, see note to *American Cotton Oil Co. v. Kirk,* 15 C. C. A. 543. The author of that note, referring to the want of mutuality in a contract, states:

"There can be no binding bilateral contract unless both of the parties are bound. There must be mutual binding promises, for mutuality of obligation is essential to supply the element of consideration.

"The rule of law that a promise is a good consideration for a promise requires that there should be an absolute mutuality of engagements, so that each party may have an action upon it, or neither will be bound. *Stiles v. McClellan,* 6 Colo. 89. The promises, to constitute a consideration for each other, must be concurrent, or become obligatory at the same time; otherwise, each will be without consideration at the time it is made, and both will therefore be *nuda pacta. Nichols v. Raynbred,* Hob. 88b; *Keep v. Goodrich,* 12 Johns. 397; *Tucker v. Woods,* 12 Johns. 190, [7 Am. Dec. 305]; *Buckingham v. Ludlum,* 40 N. J. Eq. 422, 2 Atl. 265; *Railroad Co. v. Brinckerhoff,* 21 Wend. 139, [34 Am. Dec. 220]."

See, also, *Hazelhurst Lumber Co. v. Mercantile L. & S. Co.,* 166 Fed. 161.

In *A. Santaella & Co. v. Otto F. Lange Co.,* 155 Fed. 719, 84 C. C. A. 145, the eighth circuit court of appeals of the U. S., speaking through District Judge Phillips, said: "The controlling question for determination is: Did the defendants have an enforceable contract with the plaintiff? It must be

conceded that, if the defendants had such a contract, it was essential to its validity that it should have been mutually obligatory upon both parties. If the defendants could compel the plaintiff to ship cigars, the plaintiff ought to be in a position to compel the defendants to take,'' and held that said contract was not mutually obligatory upon both of the parties and that it was not a valid contract. To the same effect is *Cold Blast Trans. Co. v. Kansas City Bolt & Nut Co.*, 114 Fed. 77, 52 C. C. A. 25, 57 L. R. A. 696.

It is stated in 20 Cyc. 272 that a party not signing the memorandum obviously cannot be charged on the contract, and numerous authorities are cited in support of that statement. The author then proceeds as follows: "But in England, and generally in the United States, the only signature made necessary by the statute is that of the party against whom the contract is sought to be enforced,'' and many authorities are cited in support of that statement and also numerous authorities *contra*. The first case cited in support of that statement is *Luckhart v. Ogden*, 30 Cal. 548. In that case the execution of the contract was not denied by the defendants but expressly admitted. The objection in that case raised the question of its validity because it was signed by only one of the parties to it, and in reply to that contention the court stated:

''The answer to this objection is, that the consideration for the defendants' covenants contained in the contracts executed by them was rendered and performed by the plaintiff by the conveyance to them of his interest in the mine, and thus was completely executed, while on their part the consideration for such conveyance was still to be rendered and performed, and thus was executory.''

Of course, in a case of that kind, where one of the parties has fully executed his part of the contract, the memorandum does not need to be signed by both parties, and, in fact, under our statute, no written memorandum is then required. In the case at bar, if the purchaser had paid the contract price for said barley at the time the contract was made, no memorandum at all need to have been signed, for under the provisions of sec. 6008, the court may compel the specific performance of an

agreement in case of a part performance thereof. (*Deeds v. Stephens,* 8 Ida. 514, 69 Pac. 534.) Those authorities cited in Cyc., where a part performance had been had, in our view of the matter do not sustain the rule that it is necessary for only one party to sign the memorandum where no part of the contract has been executed and only mutual promises are given for its execution, but merely holds that where the contract has been performed by one party, the signing of the memorandum by the other is sufficient.

It is stated in Browne on The Statute of Frauds (4th ed.) sec. 366, as follows:

"It has been seriously doubted by a very eminent judge, whether an agreement, of which the memorandum was signed by one party only, should be enforced against the other in a court of equity; upon the ground that, if so, it would follow that the court would decree a specific performance when the party called upon to perform might be in this situation, that if the agreement was disadvantageous to him he would be liable to the performance, and yet, if advantageous to him, he could not compel a performance."

The author then states that it is well settled in equity that the plaintiff by his act of filing the bill has made the remedy mutual; that is, when he files his bill or brings his suit he then consents to the agreement, thus leaving it to his option whether he will be bound or not. In the case at bar, if the price of barley had gone down, the respondents would have been remediless, as they could not have enforced their contract, but as it went up, the appellant would have been permitted, under such rulings, to take advantage of the advance in price and enforce the contract.

The contract under consideration was not a proposition to sell to be accepted by the purchaser at some future time. There was a promise to sell signed by the promisors. There was also a promise contained in the writing by the purchaser to pay, but he did not sign it and was not bound by it, and as stated in the note referred to, *supra,* 15 C. C. A., such promises, to constitute a consideration for each other, must be concurrent or become obligatory at the same time.

While said sec. 6009 requires the note or memorandum to be in writing and subscribed by the party charged, or his agent, we do not think it contemplates that one party to a contract shall be bound and the matter left optional with the other.

It seems to us that the reasoning of many of the cases has gone far astray in applying the words "the party charged" as used in the statute. Many of the authorities have treated this as referring to the *defendant in an action* which is subsequently commenced by the party who is seeking to compel the other party to perform. These words as used in our statute have no such application; they are no more applicable to the defendant than to the plaintiff. The statute is not discussing an action for the enforcement of a contract, but is rather discussing the manner and method of entering into such a contract and the evidence which shall be admissible in case of a suit or action to prove the contract. The words "the party charged" mean the party chargeable with performing some act stipulated in the agreement. That may be only one of the parties to the agreement, or it may be both the parties to the agreement. Some of the subdivisions of sec. 6009 are mutual and bilateral agreements, while others therein enumerated are unilateral agreements. Now, of course, a unilateral agreement would only require the signature of *the* party which would be only one party, while a bilateral or mutual agreement will require reciprocal duties and obligations to be performed. And so it appears clear to us that the words "the party charged" have special reference to the party, whether it be one or more, charged with the·performance of some duty or obligation under the contract. The legislature in passing said section used the word "party" instead of "party or parties." Under the provisions of sec. 16, Rev. Codes, the singular number is declared to include the plural and the plural the singular. That being true, the reasonable and proper construction of the provisions of said sec. 6009 requires the memorandum or note to be signed by both parties where there are mutual promises, in order to be binding upon both. Any other construction would do a gross injustice to one of

the parties, for if in the present case the seller only is bound and the price of barley had gone down, he would have had no remedy against the purchaser, for the reason that he did not sign the memorandum. There must be mutual binding promises, for mutuality of obligation is essential to supply the element of consideration. In the contract in question, the promises must be mutual and reciprocal to constitute a consideration, and obligatory and binding on each party so that each may have an action upon it.

It is alleged in the complaint that the appellant ratified the contract, and it is contended that that is sufficient to satisfy the objection that the contract was not signed by him. Admitting that that allegation is true, it would then be necessary to introduce oral testimony on the trial of the case to prove that he had ratified the contract. In such a case parol evidence is not admissible to prove that the contract was ratified, as it seems to be well settled that unless the essential terms of the contract can be ascertained from the writing itself or by reference in it to something else, the memorandum is not a sufficient compliance with the statute. It was held in *Gault v. Stormont,* 51 Mich. 636, 17 N. W. 214, as follows: "A memorandum, to be sufficient under the statute, must be complete in itself and leave nothing to rest in parol." That case was cited with approval in *Ebert v. Cullen,* 165 Mich. 75, 130 N. W. 185.

Referring to the memorandum itself, the price there stated is vague and uncertain and would require parol proof to show what was meant by the figures there used. That might be permitted had the memorandum been signed by both parties. The memorandum presents the contract without the signature of appellant and there was no enforceable contract on his part to purchase the barley. There is a want of mutuality.

For the reasons above given, the order of the trial court sustaining the demurrer and entering the judgment of dismissal is *affirmed,* and it is so ordered, with costs in favor of the respondents.

Stewart, C. J., and Ailshie, J., concur.

ON REHEARING.

(December 7, 1912.)

PER CURIAM.—A rehearing was granted in this case and oral argument was made by respective counsel and additional briefs filed. After a most careful reconsideration of the case. we are convinced that there is no reason for changing our former opinion.

The transaction involved in this case was not an offer to sell whereby the appellant was given any time to accept or reject it, but was intended as a contract of sale, and it is clear from the allegations of the complaint that it was so considered by the appellant, as it is alleged in the complaint that plaintiff intended to sign said agreement but inadvertently overlooked or neglected to do so. Regardless of this, however, we are satisfied with the conclusion reached in the original opinion. The judgment is therefore affirmed.