(October 18, 1913.)

## PETER KERR et al., Appellants, v. J. O. FINCH, Respondent.

[135 Pac. 1165.] '

STATUTE OF FRAUDS—CONTRACT FOR SALE OF GRAIN—MUTUALITY OF CONTRACT.

1. The statute of frauds as embodied in sec. 6009 of the Rev. Codes, and construed in *Houser v. Hobart*, 22 Ida. 735, 127 Pac. 997, 43 L. R. A., N. S., 410, examined and considered, and the rule announced in the Houser-Hobart case reaffirmed and followed.

2. Sec. 6009, Rev. Codes of this state, announces more than a mere rule of evidence. It is a substantive law dealing with contracts affecting personal property and commercial transactions. It deals with the origin and basis of a cause of action, and the rule of evidence it embodies is only an incident to the remedy under the statute.

3. Precedent is and should be strongly persuasive with the courts but never controlling, and when the reason for it ceases to exist, or it fails to accomplish justice, it should be disregarded.

APPEAL from the District Court of the Second Judicial District for Idaho County. Hon. Edgar C. Steele, Judge.

Action for breach of contract. Judgment for defendant. Plaintiff appeals. *Affirmed.*

W. N. Scales, for Appellants.

I am aware that in *Houser v. Hobart*, 22 Ida. 735, 127 Pac. 997, 43 L. R. A., N. S., 410, this court has decided that contracts of this kind must be signed by both parties. Other questions decided in *Houser v. Hobart* are not involved here, because this contract is definite and specific.

It seems that with the exception of the Michigan cases and *Houser v. Hobart,* the authorities in England and the United States are practically all contrary to the rule announced by this court. See *Murray v. Crawford,* 28 L. R. A., N. S., 680, and the very exhaustive note thereunder, in which the rule

contended for by appellant is sustained, as the editor of the note remarks, with the almost unbroken current of authority.

In 43 L. R. A., N. S., 410 (*Houser v. Hobart*), there is another exhaustive note supplementing the one last referred to.

W. H. Casady and E. M. Griffith, for Respondent, file no brief.

AILSHIE, C. J.—This case involves the validity of a contract for the sale of grain signed by the vendor only.

The same question is argued in this case that was considered in *Houser v. Hobart*, 22 Ida. 735, 127 Pac. 997, 43 L. R. A., N. S., 410. It is urged that the construction placed by this court in that case on sec. 6009, Rev. Codes, is contrary to the overwhelming weight of authority, and we are for that reason asked to reconsider the question there passed upon.

We are alive to the fact that the holding of that case is contrary to the current of authority, but we are equally satisfied that this multitude of decisions rests upon precedent alone and not upon reason. The rule of precedent relied upon, it seems to us, only accomplishes injustice and serves as an aid to duplicity, fraud and deception, and we are not disposed to lend our approval to such a rule in this state. The courts seem to have generally thought that "the party charged," as used in the statute of frauds, refers only to the defendant in an action brought on the contract, but we have not been able to so understand our statute. The language is, "the agreement is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent." This refers to the contract itself and says the same shall be *invalid*. It requires at least two parties to make a contract, and the execution of a contract by only *one* party does not consummate the contract. When the contract is made, neither party anticipates a lawsuit, and neither one can foresee which may possibly be plaintiff or defendant in an action arising out of the contract. Is it reasonable or logical to hold that a tentative contract, executed as required by law by one party only, many months, or even years, thereafter

may be wholly repudiated by the party who may be most affected thereby and who has never at any time been bound by the contract and at the same time the other party be bound thereby? We think not.

We gave two hearings to this question before announcing our conclusion in the Houser-Hobart case and reached the unqualified opinion that every consideration of reason, justice and fair dealing demanded that we hold that these contracts must be signed by every party who thereby gives his promise to do some future act and the contract is wholly executory. Precedent is strongly persuasive with this court, but not controlling, and if devoid of reason and justice, will not be followed.

This statute (sec. 6009, Rev. Codes) announces more than a mere rule of evidence; it is a substantive law, dealing with contracts affecting personal property and commercial transactions. The rule of evidence it contains is merely an incident to the remedy accorded a party engaging in transactions coming within the terms of the statute. The decisions have generally, on the contrary, treated the statute as a mere rule of evidence and have dismissed it at that.

We hereby reaffirm the rule adopted in *Houser v. Hobart,* and accordingly affirm the judgment of the trial court in following the rule there announced. Costs awarded in favor of respondent.

Sullivan and Stewart, JJ., concur.