(No. 5351. May 13, 1930.)

JOSEPH ROUKER, Appellant, v. JOHN A. RICHARD-SON, Respondent.

[288 Pac. 167.]

338

E. W. Whitcomb, for Appellant.

L. E. Glennon, for Respondent.

VARIAN, J.—Plaintiff commenced this action alleging that on July 10, 1923, plaintiff and defendant entered into

an agreement, which was reduced to writing and signed by the defendant on August 1, 1923; that under its terms plaintiff was to do certain work during each year for a period of three years upon the "Idaho," "Idahoan," "Washington," and "Tennessee" lode mining claims in Custer county, Idaho, for which services, when performed, plaintiff was to receive $5,000 in money, or, if no sales of said claims were made before the expiration of three years, he was to receive and possess a title interest in said mining claims (except one-half of the "Tennessee" claim), representing a value of $5,000; that plaintiff commenced work on the mining property on or about July 10, 1923, and continued to work therein until October 6, 1923, when defendant refused longer to permit him to work thereon; that afterward, on June 29, 1924, and on July 27, 1925, he went to said mining property for the purpose of performing work thereon, but in each instance found other parties in possession, representing defendant, who refused to permit him to enter the property; that at all times since July 10, 1923, plaintiff has performed, or has tried to perform, and has been ever ready, able and willing to perform, everything required of him to be performed under said agreement, etc., but that defendant has kept plaintiff out of possession thereof since October 6, 1923, and neglects and refuses to perform the things required of defendant to be kept and performed, etc., "all of which is to the damage of the plaintiff in the sum of Five Thousand ($5,000.00) Dollars."

Defendant demurred to the complaint as not stating a cause of action; as being ambiguous, uncertain and unintelligible in the following particulars, to wit: (1) It cannot be determined therefrom whether the plaintiff claims an interest in the mining property described in said complaint, or what interest he claims therein; (2) whether the action is for specific performance or for damages for breach of the said agreement; (3) if for damages, no statement of damages is set forth, and the claim therefor is so indefinite and uncertain that it is impossible for defendant to prepare his defense thereto; (4) that it does not appear from the com-

plaint "the form, manner, or extent in which it is claimed" defendant failed to perform his part of the alleged contract.

The demurrer was overruled except as to the first, second, and third grounds of the special demurrer, which were sustained, and plaintiff given twenty days in which to amend. Plaintiff filed an amended complaint, and alleged, in addition to the matter set forth in his complaint, that more than three years have elapsed since the making of the agreement and offer of plaintiff to perform, and nothing has been paid plaintiff by defendant; that no part of the mining property was sold during the life of said agreement; that the property has not since been sold, and is now the property of defendant; that "said agreement marked Exhibit 'A' and attached hereto is, in effect and in accordance with the terms thereof, a lien and mortgage upon all of said lode mining claims except one-half of the said claim 'Tennessee,' as security for the payment of said sum of $5,000.00." Plaintiff prayed judgment in foreclosure for said amount; that it be declared a lien on the mining property mentioned; that the usual order be made for the sale thereof, and the proceeds applied to the payment of the amount due plaintiff; and for general relief. Defendant demurred to the amended complaint on the grounds that it did not state a cause of action; that it was uncertain, ambiguous and unintelligible in the second, third and fourth particulars mentioned in the demurrer to the complaint; that plaintiff fails to show himself entitled to equitable relief, or whether his claim is based upon agreement or operation of law; and upon a fifth ground not necessary to mention here. This demurrer was sustained upon all grounds, and a judgment of dismissal entered from which plaintiff appeals.

The alleged agreement, attached as an exhibit to the complaint and amended complaint, reads as follows:

"Harlan Creek, Aug. 1, first year, 1923.

"Lease between John A. Richardson party of the first part and Joseph Rouker, party of the second part.

"I, party of the first part agree to devide all hye grade ore equally and if a sale is made at any time during the

life of this lease I party of the first part agree to pay five thousand dollars out of the sale money to the party of the second part we both party agree that the life of this lease shall be three years from above date and the amount of time to be spent working on this group of claims which are the Idaho, the Idahoan, the Washington, and the Tenessee mining claims shall be three months each year, and if no sale is made at the end of three year the party of the second part shall have and poses five thousand dollars interest in the above claims mentioned except one half of the Tenessee.

"I party of the second part for the consideration mentioned above I promess and agree to do half of the work on the said claims mentioned above which will be three months each year and pay one half of the expenses and upon failure on my part to do as I promess and agree to do I shall consider this said lease null and void.

"Signed by me

"JOHN A. RICHARDSON."

Appellant assigns error in sustaining the demurrers to the complaint and amended complaint, and the entry of judgment of dismissal. The agreement was signed by defendant alone, and, under the pleadings, was a writing embodying the only contract between the parties. It is denominated a "lease" in the agreement itself; is to run three years; Rouker to spend three months of each year during said period, doing "half of the work," and to pay "one-half of the expenses." It is not stated what the work was to consist of: annual assessment work required by statute, whether taking out ore and working the claims, or doing general development work. Vague and indefinite in its terms, the contract might be interpreted to relate to labor to be performed upon a group of four mining claims,—whether lode or placer, patented or not, or where situate, is not made apparent. The defendant was to divide all high-grade ores equally. If a sale was made within three years, he was to pay plaintiff $5,000 from the sale money. If no sale was made at the end of three years, plaintiff "shall have and

possess'' a $5,000 interest in the mining claims ''except one-half of the Tennessee.''

We think, under the allegations of the complaint, that the contract is too indefinite and uncertain to sustain an action for damages.

 By the amended complaint, appellant seeks to have a lien, in the nature of a mortgage upon the several mining claims mentioned except one-half of the ''Tennessee,'' declared and foreclosed. The agreement is not a mortgage, but at most a lease coupled with a contract for services to be paid for in money out of the purchase price if the property is sold within three years, and if not sold, an undetermined interest in the four mining claims to the extent of the value of $5,000. If the interest of plaintiff is in fact a lien, it is not subject to foreclosure. Nor can plaintiff maintain a suit in equity for specific performance on the facts pleaded. The complaints allege an oral agreement later reduced to writing. This court has held that a written agreement for the sale of personal property, signed by only one of the parties thereto, where the consideration consists of mutual promises, none of which has been performed by either party, cannot be enforced, and the fact that the party defendant signed the agreement is not sufficient to take its provisions from the operation of C. S., sec. 7976; that it is void for want of mutuality. (*Houser v. Hobart,* 22 Ida. 735, 127 Pac. 997, 43 L. R. A., N. S., 410.) It is believed that the rule adopted is contrary to the weight of authority in this country, but it was later affirmed in *Kerr v. Finch,* 25 Ida. 32, 135 Pac. 1165, and will be considered as the settled rule in this jurisdiction. Plaintiff, evidently with the rule in mind, has attempted to plead part performance. The facts pleaded are wholly insufficient to take the contract from the operation of said section of the statute. The only performance on plaintiff's part alleged is that plaintiff ''commenced to work upon the lode mining property described in said agreement, on or about the 10th day of July, 1923, in the development of said mining property, and continued to work there until October 6, 1923,'' etc.

The general rule is that where the contract is to convey realty, and the part performance consists entirely of the performance of labor or services, such performance will not, of itself, entitle one to specific performance where the value of the services may be estimated in money, and so make the vendee whole on rescinding the contract. The services must be of such a peculiar character that their value cannot be estimated and the vendee placed *in statu quo*. (2 Elliott on Contracts, sec. 1276; Pomeroy's Specific Performance of Contracts, 3d ed., sec. 114, p. 276. See *Andrews v. Aikens,* 44 Ida. 797, 260 Pac. 423.)

Appellant contends that the statute of frauds is not pleaded. Where, as here, the complaint shows upon its face that the contract is within the purview of the statute, and the matter relied upon to take it from the operation thereof is insufficient, the statute may be invoked by general demurrer. (27 C. J., p. 372.)

Neither the complaint nor the amended complaint states a cause of action, and the orders and judgment of the trial court were right.

Judgment affirmed. Costs to respondent.

Budge, Lee and McNaughton, JJ., concur.