FRIEDHOFF & CO., PLAINTIFFS IN ERROR, V. MARSHALL SMITH, DEFENDANT IN ERROR.

**Landlord and Tenant:** PAROL LEASE. A parol lease for two years, although void by the statute, yet if the tenant enter into possession, is valid as a lease for one year.

ERROR to the district court for Platte county. Tried below before POST, J.

*Whitmoyer, Gerrard & Post,* for plaintiffs in error.

Verbal lease was absolutely void. Comp. Stat., chap. 32, secs. 3, 5. Proofs do not show tenancy from year to year. One essential ingredient in such a tenancy is the agreement to pay an annual rent. *Morrill v. Mackman,* 24 Mich., 286. The rent agreed upon in this case was $40 per month. The statement of the defendant in error that it was $480 per year is at most but a conclusion or computation. In all cases of doubt as to construction, the tenant is most favored by law. Taylor's Landlord and Tenant, 81. The rent being payable monthly, the tenancy was from month to month, and might be terminated on one month's notice. Id., 61. *Anderson v. Prindle,* 23 Wend., 616. *Witt v. Mayor,* 6 Rob., N. Y., 447. *Ellis v. Paige,* 1 Pick., 43.

*W. S. Geer,* for defendant in error.

The contract was good as a lease for a year. *Morrill v. Mackman,* 24 Mich., 286. *People v. Rickert,* 8 Cow.,

226. *McDowell v. Simpson,* 3 Watts, 129. *Koplitz v. Gustavus,* 48 Wisconsin, 48.

MAXWELL, J.

This is an action brought in the district court of Platte county by Smith against the plaintiffs in error to recover the balance due for the rent of certain premises for one year on a verbal lease. The answer is a general denial and plea of payment. A verdict was rendered in the court below in favor of Smith for the sum of $210, upon which judgment was rendered. The cause is brought into this court by petition in error.

It appears from the evidence that Smith rented a storeroom to the plaintiffs in error for the period of two years from the first day of March, 1880, at the rent of $40 per month, payable monthly; that the plaintiffs entered into possession of the premises, and remained in possession until September, 1880, when during Smith's temporary absence from the state they abandoned the premises, leaving the keys with Smith's clerk in an adjoining store. Smith kept the store-room subject to the use and control of the plaintiffs in error until March 1st, 1881, and then demanded the balance of the rent, which the plaintiffs in error refused to pay.

The plaintiffs in error claim that a verbal lease for two years is absolutely void, and no action can be maintained thereon.

Section 5 of chap. 32 Comp. Stat. provides that: "Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made."

A parol contract for the leasing of land for a longer period than one year is void; that is, there is no authority

to make the lease, but a verbal lease for one year is valid; and if the tenant enter into possession under a lease void by the statute because not in writing, and is to pay rent at stated periods within the statute, the lease may be valid for the length of time the parties had authority to enter into the contract.

Here was a lease for twenty-four months, under which the tenant took possession. The parties had authority to make a lease for twelve months, and it is only the excess that is void, and it is void only because of the limitation upon the power to make the contract, but to the extent of the authority the lease is valid. The lease, therefore, was valid for one year. The question whether the lease was from month to month or by the year was properly submitted to the jury. It is clear that justice has been done, and the judgment is affirmed.

JUDGMENT AFFIRMED.