W. D. NICKOLLS v. E. C. BARNES ET AL.

FILED FEBRUARY 6, 1894.    No. 4085.

1. **Landlord and Tenant:** LEASE.    Where an agreement for the lease of a piece of real estate is reduced to writing, and bears the signatures of the lessees but not that of the lessor, and possession taken under such agreement by said lessees, and the payment of rent made by them, and by said lessor accepted, and said lease, had it been properly executed, would have been for the term of one year, though payments of rent under such agreement are to be made monthly, *held*, that said lease is valid as an oral lease for one year, and said lessees are thereby made tenants for one year.

2. Former decision in this case reported in 32 Neb., 195, is overruled.

REHEARING of case reported in 32 Neb., 195.

*A. H. Babcock* and *E. O. Kretsinger*, for plaintiff in error:

The signing of the lease by the lessees, and taking possession of the leased premises, and paying rent under the lease, which lease was accepted by the lessor and placed upon record, and rent received under it, made it a perfect, binding lease for one year upon both parties, even though it may not have been signed by the lessor. (*Fitton v. Inhabitants of Hamilton City*, 6 Nev., 196; *Finley v. Simpson*, 2 Zab. [N. J.], 311, and cases cited; *McFarlane v. Williams*, 107 Ill., 33; *Catlett v. Catlett*, 55 Mo., 332; *Clason v. Bailey*, 14 Johns. [N. Y.], 486; *Kershaw v. Kershaw*, 102 Ill., 307; *Galbraith v. McLain*, 84 Ill., 379; *Traylor v. Cabanne*, 8 Mo. App., 131; *McConnell v. Brillhart*, 17 Ill., 354; *Barry v. Coombe*, 1 Pet. [U. S.], 650; *Penniman v. Hartshorn*, 13 Mass., 87; *Saunderson v. Jackson*, 3 Esp. [Eng.], 181; *Bluck v. Gompertz*, 7 Exch. [Eng.], 862; *Evans v. Ashley*, 8 Mo., 181; *Lockwood v. Lockwood*, 22 Conn., 425; *Atlantic Dock Co. v. Leavitt*, 54 N. Y., 35; *Reeder v. Sayre*, 70 N. Y., 183; *People v. Rickert*, 8 Cow. [N. Y.], 226; *Pugsley v. Aikin*, 11 N. Y., 494; *Morrill v. Mackman*, 24 Mich., 286; *Koplitz v. Gustavus*, 48 Wis., 48; *Laughran v. Smith*, 75 N. Y., 205; *Friedhoff v. Smith*, 13 Neb., 5; *Doe v. Bell*, 5 Term Rep. [Eng.], 471; *Schuyler v. Leggett*, 2 Cow. [N. Y.], 660; *Greton v. Smith*, 33 N. Y., 245; *Clayton v. Blakey*, 8 Term Rep. [Eng.], 3; *Coan v. Mole*, 39 Mich., 454; *Schneider v. Lord*, 62 Mich., 141; *Walker v. Furbush*, 11 Cush. [Mass.], 366.)

*George A. Murphy* and *A. G. Whitney*, also for plaintiff in error.

*Hugh J. Dobbs, contra:*

A lease executed by the lessee alone is void, though followed by possession, and payment and acceptance of rent.

(Wood, Landlord and Tenant, sec. 218; Taylor, Landlord and Tenant [7th ed.], sec. 35; *Soprani v. Skurro*, Yelv. [Eng.], 19 ; *Pitman v. Woodbury*, 3 Exch. [Eng.], 4 ; *Swatman v. Ambler*, 8 Exch. [Eng.], 72; *Cammeyer v. United German Lutheran Church*, 2 Sand. Ch. [N. Y.], 186; *Miller v. Pelletier*, 4 Edw. Ch. [N. Y.], 106 ; *Mc-Leran v. Benton*, 73 Cal., 329; *Carlton v. Williams*, 77 Cal., 89; *Laughran v. Smith*, 75 N. Y., 205; *Coudert v. Cohn*, 118 N. Y., 309; *Gartrell v. Stafford*, 12 Neb., 552; *Robinson v. Cheney*, 17 Neb., 679 ; *Anderson v. Harold*, 10 O., 399; *Bailey v. Ogden*, 3 Johns. [N. Y.], 399 ; 3 Parsons, Contracts, p. 5; *Stokes v. Moore*, 1 Cox Ch. [Eng.], 219; *Wade v. City of Newbern*, 77 N. Car., 460.)

*A. Hardy*, also for defendants in error.

HARRISON, J.

An action of replevin was commenced in the district court of Gage county, Nebraska, by W. D. Nickolls against E. C. Barnes, C. J. Barnes, Smith Y. Hill, Hugh J. Dobbs, Charles Moschell, and John Foster, for the recovery of certain personal property, consisting of furniture and household goods, the action by him being founded upon his rights under an instrument in writing, signed by the Barneses, of defendants, and which was in form a lease with chattel mortgage clause inserted and purporting to secure the payment of the rent. The term of leasing, as set forth in the instrument, was to commence August 25, 1888, and to terminate August 25, 1889, the rental to be the sum of $690 for the year, and paid monthly in advance and in sums as stated in said instrument. A statement of the case was made in the decision of it in this court on June 30, 1891, contained in 32 Neb., 195, 49 N. W. Rep., 342, to which parties are referred for a statement of the case. There was a trial to a jury in the lower court, and verdict against the plaintiff, and judgment on

the verdict.   The case was brought here on error and the
judgment of the district court affirmed in the opinion of
the court filed June 30, 1891.  (*Nickolls v. Barnes, supra.*)

A motion for rehearing was filed August 3, 1891, and
rehearing granted January 6, 1892, and the case submitted
on briefs of the parties.   The question decided on the
former hearing of the case was in reference to the validity
of the instrument of contract of lease, and it was held by
this court "that the instrument claimed to be a lease, not
having been executed by W. D. Nickolls, vested no estate
in the Barneses, they were only liable for rent for the time
they actually occupied the building."   In the first hearing
in the case the counsel in their brief did not call attention
of the court to a former decision of this court in *Friedhoff
v. Smith*, 13 Neb., 5, and in rendering the decision in the
case at bar the court doubtless overlooked this decision of
a like or similar question.   At least no mention was made
of it.

In the case of *Friedhoff v. Smith* appears the following
statement: "It appears from the evidence that Smith rented
a store-room to the plaintiffs in error for the period of two
years from the first day of March, 1880, at the rent of
$40 per month, payable monthly ; that the plaintiffs en-
tered into possession of the premises and remained in
possession until September, 1880, when, during Smith's
temporary absence from the state, they abandoned the
premises, leaving the keys with Smith's clerk in an adjoin-
ing store.   Smith kept the store-room, subject to the use
and control of the plaintiffs in error, until March 1, 1881,
and then demanded the balance of the rent, which the
plaintiffs in error refused to pay."   The syllabus of the
case is as follows: "A parol lease for two years, although
void by the statute, yet if the tenant enter into possession,
is valid as a lease for one year."   MAXWELL, J., in the
body of the opinion, says: "A parol contract for the leas-
ing of land for a longer period than one year is void; that

is, there is no authority to make the lease, but a verbal lease for one year is valid; and if the tenant enter into possession under a lease void by the statute because not in writing, and is to pay rent at stated periods within the statute, the lease may be valid for the length of time the parties had authority to enter into the contract. Here was a lease for twenty-four months, under which the tenant took possession. The parties had authority to make a lease for twelve months, and it is only the excess that is void, and it is void only because of the limitation upon the power to make the contract, but to the extent of the authority the lease is valid. The lease, therefore, was valid for one year. The question whether the lease was from month to month or by the year was properly submitted to the jury."

The lease in the case at bar, as to the term and payment, was as follows: "To have and to hold the same to the said parties of the second part from the 25th day of August, 1888, to the 25th day of August, 1889, and the said parties of the second part, in consideration of the leasing of the premises as above set forth, covenant and agree with said party of the first part to pay the party of the first part, as rent for same, the sum of $690, payable as follows, to-wit, $55 cash, and $55 on the 25th day of September next, and $55 on the 25th day of each and every month for the first six months, and to pay $60 on the 25th day of each and every month during the last half of the aforesaid year. Party of the first part agrees to give parties of the second part the first privilege of renting at the expiration of this lease at whatever it will bring in any line of business." The lease was executed by the Barneses September 5, 1888. This was clearly, and without question, an agreement between the parties for a renting of the premises for the term of one year, and the Barneses took possession, held possession, and paid the rent from the execution of the lease to the 25th of December, 1888.

The section of the statute which applies to leases is as

follows : " Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands shall be void unless the contract, or some note or memorandum thereof, be in writing and signed by the party by whom the lease or sale is to be made." (Comp. Stats., ch. 32, sec. 5.)

This was unquestionably a lease for one year, and unobjectionable as an oral lease of the premises, and not void as such, when measured by the terms of the statute above quoted. The case in 13 Neb., before referred to, recognizes and is decided upon the principle or rule that where a lease is executed, or an agreement for lease is entered into, and the parties enter upon the execution of the contract, the one by taking possession of the premises, the subject of the contract, and paying the rent, and the other by receiving the rent, if the lease executed is void or the lease for which the agreement has been made is not executed, and by the terms would have been for one year, or for more than a year at a yearly rental, notwithstanding it may be payable monthly, it will be held a lease by the year, and the tenant a tenant by the year. We are fully satisfied that the decision in 13 Neb. was right and supported by the weight of authority and reason. It follows that the former decision in this case must be overruled, and as this will occasion a new trial of the case in the lower court, we will not examine or discuss it further. The judgment of the lower court is reversed and the case remanded.

REVERSED AND REMANDED.