MARY K. OSGOOD, APPELLANT, V. MORTY SHEA, APPELLEE.

FILED MAY 5, 1910.   No. 16,025.

1. Statute of Frauds: LEASES: TERMINATION. By section 5, ch. 32, Comp. St. 1909, commonly called the "Statute of Frauds," a parol lease of real estate for three years is valid for one year only, and is void as to the remainder of the term. Where no equitable considerations have intervened, it may be terminated by either party at the end of the year by giving notice of his intention to do so within that period.

2. ———: ———: POSSESSION. Possession by the tenant for the first year of the term, in the absence of equitable considerations, is not such part performance as will avoid the provisions of the statute.

APPEAL from the district court for Johnson county: LEANDER M. PEMBERTON, JUDGE. *Reversed.*

*Daniel F. Osgood* and *Tibbets & Anderson,* for appellant.

*Jay C. Moore, Hugh La Master* and *S. P. Davidson, contra.*

BARNES, J.

Action for the alleged forcible detention of real estate. On the trial in the district court the defendant had the verdict and judgment, and the plaintiff has appealed.

The pleadings consisted of a petition in the usual form, and the answer was not guilty. It appears, without dispute, that the defendant took possession of an eighty-acre tract of land situated in Johnson county, Nebraska, owned

by the plaintiff, under a verbal lease, for the period of
three years. Plaintiff claims that by the terms of the
lease it was provided that, if she should sell the farm, the
defendant would vacate and surrender possession at the
end of the then current year. Both the plaintiff and her
husband testified positively that the lease was verbal,
and was for a period of three years; that it contained the
conditions that, in case she should sell the land, she could
terminate the lease, and the defendant agreed thereby to
vacate the premises at the end of the then current year.
Of course, defendant's plea of not guilty put that matter
in issue, but his testimony upon that point was evasive
and unsatisfactory. It appears beyond question that
plaintiff made a *bona fide* sale of the land during the first
year of the term, and notified the defendant of that fact,
and at the same time demanded possession at the end of
that year and as soon as he could remove his crops; that
defendant went into possession in October, 1906, and was
notified of the sale of the farm on or about the 1st of Sep-
tember, 1907; that he removed his crops about December
1 of that year, and that on December 16, 1907, the plaintiff
served him with a written notice to quit on or before
January 1, 1908. Defendant refused to vacate, and there-
upon this action was commenced. It also appears that
after receiving notice of the sale, and after plaintiff re-
quested him to vacate the premises, all of which occurred
about September 1, as above stated, defendant commenced
to sow some wheat upon part of the land, but the plaintiff
immediately commanded him to desist. At the close of
the evidence plaintiff requested the court to instruct the
jury that the lease in question was void under the statute
of frauds, and that she was entitled to recover possession
of the premises at the termination of the first year, it
being contended that the lease was good for one year only.
This request was denied; and, upon the theory that pos-
session for the first year took the agreement out of the
statute of frauds, the court instructed the jury, upon his
own motion, as follows: Instruction No. 2. "It is admitted

by both parties that a lease of said premises was made by the plaintiff to the defendant, and that defendant entered into possession of said premises under said lease and farmed the same. The difference between the parties arises over the question as to whether the lease was to be for three years, with the privilege on the part of the plaintiff to sell the premises at any time during the lease, and the defendant in such case to give possession at the end of the year as soon as the crops were moved from said land, as claimed by the plaintiff; or whether the lease was for three years absolutely, without any condition of sale, as claimed by the defendant." Instruction No. 4. "If, on the other hand, you find from the evidence that the lease was for three years absolutely, without any provision for sale by plaintiff during said lease, or that plaintiff never notified defendant that she had sold said land and wanted possession thereof, then your verdict should be that the defendant is not guilty." Error is assigned for the giving of these instructions.

It was apparently the opinion of the trial court that this case should be ruled by *Dewey & Stone v. Payne & Co.*, 19 Neb. 540. In this we think the district court was mistaken. That was an action for the recovery of rent where there was a verbal assignment of a written lease for a period of more than one year. It appears that the defendant took possession under the parol assignment and held it from the 12th day of October until the 9th day of March in the following year, when he vacated and refused to pay rent for the remainder of the year, and it was held that he was liable for the rent, whether he occupied the premises or not, because he had entered into possession under his agreement to pay rent, and had continued such possession beyond the expiration of the first year, and that thereafter he was not in a position to question the validity of his agreement.

It has been frequently held that a parol lease of real estate for several years is only valid for one year. *Friedhoff & Co. v. Smith*, 13 Neb. 5. The part performance in

the case at bar can only be referred to or based upon the term of one year. In other words, the performance was wholly and entirely within the first year, and for which there was a valid lease. The law distinctly and clearly declares such a lease valid for the first year of the term, and void as to any excess of time. Therefore defendant's possession, as shown by the record in this case, cannot in any way relate to or avail him with reference to the remaining two years of the lease, which was clearly void. The defendant went into posesssion of the premises under the three years' oral lease in the fore part of October, 1906, and plaintiff within one year of that time, and about the 1st of September, 1907, informed him that he must surrender the possession of the premises at the end of that year. Therefore defendant's entry upon the second year of the lease was without the consent of, and against the express objection of, the plaintiff. In other words, the oral lease for the last two years was revoked and rescinded by the landlord while the tenant was still holding under a valid lease for one year, and before any part of the remaining two years had been entered upon. We are therefore of opinion that the plaintiff could refuse to be bound by the invalid portion of the lease, and the court erred in giving the instructions above quoted.

Several other questions are discussed in the plaintiff's brief; but, for the error above mentioned, she is entitled to a reversal of the judgment, and it is unnecessary to consider them.

For the foregoing reasons, the judgment of the district court is reversed and the cause is remanded for further proceedings.