FALK, Respondent, vs. DEVENDORF, Appellant.

*May 7—June 1, 1920.*

*Landlord and tenant: Statute of frauds: Oral lease for longer than one year: Oral agreement to execute lease: Validity: Possession of tenant: Specific performance of void lease: Improvements by tenant: Evidence: Statement of former owner: Admissibility in evidence.*

1. Where an oral lease was made in August for one year, with the privilege of three years, to begin from the following September 1st, so much of the arrangement as gave the tenant the right of possession at the specified rental for the term of one year was binding and effective; but so much of the agreement as purported to grant the tenant any right to possession after the expiration of the first year was within the statute of frauds.
2. The oral agreement of the landlord to subsequently execute a writing to give validity to his oral three-year lease was void.
3. The tenant having a three-year oral lease, his taking possession of the premises was referable to the rights he acquired and which were acquiesced in by his landlord under that portion of his lease which was valid as a lease for one year.

4. The fact that the tenant under the void oral lease did some electric wiring in the premises does not show a substantial improvement to the premises themselves, of benefit to the owner, or the doing of something outside of the mere agreement for leasing, such as would bring it within any of the rules warranting specific performance of the void oral agreement.

5. A written statement by the former owner of the premises, declaring the terms of the oral agreement under which the defendant tenant claimed, not signed until after such owner had sold to plaintiff, was not binding on plaintiff.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

This is an appeal from a judgment of the circuit court affirming a judgment of unlawful detainer of the civil court of Milwaukee county.

In August, 1918, the defendant orally leased the upper flat of a double-flat building, then owned by one Broecker, for $27 per month for a term of one year with the privilege on defendant's part of extending his possession for two years more at the same rate.

On September 14, 1918, defendant took possession of and did some electric wiring in the flat, the nature, extent, and expense thereof not being disclosed in the record.

The plaintiff purchased the premises of Broecker in January, 1919, knowing at such time of defendant's occupancy and without making inquiry of him as to what contract he might have with said Broecker.

May 1st plaintiff raised the rent of said upper flat to $30 per month. Defendant paid rent to the plaintiff after January 1st and after the raise to $30. On May 2d, at the request of defendant, the former owner, Broecker, signed a written statement to the effect that the lease made by Broecker's wife on his behalf in August, 1918, was for the term of one year with the privilege of three years and beginning September 1, 1918, with rent at the rate of $27 per month payable in advance.

In July plaintiff gave defendant notice that he desired

to terminate the lease on September 1st. About the same time defendant gave written notice to plaintiff of defendant's election to extend the lease for two years from September 1st.

Upon defendant's refusal to remove from the premises after September 1st plaintiff brought an action for unlawful detainer in the civil court and was awarded a judgment of restitution of the premises therein. From such judgment the defendant appealed to the circuit court, where the said judgment was affirmed. From the judgment of the circuit court defendant has appealed.

For the appellant the cause was submitted on the briefs of *Samuel Wright* of Milwaukee.

*George A. Affeldt* of Milwaukee, for the respondent.

ESCHWEILER, J. The defendant contends that under undisputed testimony that at the time of the making of the oral contract in August, 1918, it was further agreed between defendant and the then owner of the premises, acting through his wife as agent, that such contract would be put in writing at any time thereafter at defendant's request, it then became a valid and binding contract as though reduced to writing and became equally binding and enforceable as against the plaintiff, who bought the real estate chargeable with notice of such right in the defendant then in possession. He also contends that in any event his entering into possession of the premises in reliance upon the oral agreement to lease and to reduce such agreement to writing, together with his doing the electric wiring in the premises and continuing in possession thereof and paying rent, was such part performance as takes the oral promise out of the statute of frauds.

So much of the arrangement between the defendant and Broecker in August, 1918, as purported to give defendant the right of possession at the specified rental for the term of

one year is conceded by plaintiff and so treated by the courts below as being binding and effectual. So much, however, of such agreement as purports to grant defendant any right to possession after the expiration of such first year is manifestly within the statute of frauds (secs. 2302, 2304, Stats.), and was correctly so held. 20 Cyc. 214; *Hand v. Osgood,* 107 Mich. 55, 64 N. W. 867; *Beller v. Robinson,* 50 Mich. 264, 15 N. W. 448; *Osgood v. Shea,* 86 Neb. 729, 126 N. W. 310, 42 L. R. A. N. s. 648 and note.

The oral agreement for the subsequent execution of a writing which would give validity to that which without such writing is void under the statute of frauds, was likewise void. *Yates v. Martin,* 2 Pin. 171; 20 Cyc. 229; *Hanson v. Marion,* 128 Minn. 468, 151 N. W. 195. To hold otherwise would pave the way for a practical abolishment of such provision in the statute of frauds.

The taking possession by the defendant in this case is properly referable to the rights he acquired and which were acquiesced in by plaintiff under the valid lease for one year. *Osgood v. Shea, supra; Brodner v. Swirsky,* 86 Conn. 32, 84 Atl. 104, 42 L. R. A. N. s. 654.

Neither did the fact that the defendant did some electric wiring in the premises present a situation showing a substantial improvement to the premises themselves of benefit to the then owner, or of the doing of something outside of the mere agreement for leasing such as would bring it within any of the rules which warrant a court of equity in decreeing specific performance of an oral agreement void under the statute, recognized in such cases as *Booher v. Slathar,* 167 Wis. 196, 167 N. W. 261, and those therein cited; *Harrell v. Sonnabend,* 191 Mass. 310, 77 N. E. 764.

The written statement by the former owner, Broecker, declaring the terms of the oral agreement in August, but which was not signed until after plaintiff had purchased from Broecker, could not, even were it of force between defend-

ant and Broecker, be binding on plaintiff, the subsequent purchaser. *Emery v. Boston T. Co.* 178 Mass. 172, 59 N. E. 763.

*By the Court.*—Judgment affirmed.