(April 9, 1924.)

JAMES T. GASKILL, Respondent, v. H. A. JACOBS, Appellant.

[225 Pac. 499.]

LANDLORD AND TENANT — UNLAWFUL DETAINER — LEASE — STATUTE OF FRAUDS — CONTRACT TO LEASE — ESSENTIAL ELEMENTS—BREACH— —TENANCY AT WILL — OUSTER — NOTICE — APPEAL AND ERROR — TRIAL DE NOVO—DISTRICT COURT—POWER TO GRANT AMENDMENTS.

1. In order that a writing constitute a lease of real property for a term of more than one year, it must contain within itself all the essentials of a lease so as to leave nothing to be established by parol.

2. The essentials of a contract to lease real property are a definite agreement as to the extent and bounds of the property, a definite term, a definite fixed rental and the time and manner of payment.

3. Where one goes into possession of real property under an agreement to execute a lease, but thereafter refuses to execute such lease, and the agreement to lease is rescinded, the one occupying the premises becomes a tenant at will, and is subject to be ousted after the notice provided by law.

4. The district court has the same power to grant relief by amendment in cases on appeal from probate or justice courts, other than in probate matters, as in actions commenced in the district court.

APPEAL from the District Court of the Eleventh Judicial District, for Cassia County. Hon. T. Bailey Lee, Judge.

Action in unlawful detainer. Judgment for plaintiff. *Affirmed.*

L. H. Phillips, for Appellant.

Where the evidence discloses part performance by all the parties to the agreement, it removes the bar of the statute of frauds, and may be enforced in a court of equity. (*Deeds v. Stephens,* 8 Ida. 514, 69 Pac. 534; *Ferguson v. Blood,* 152 Fed. 98, 82 C. C. A. 482; *Armstrong v. Henderson,* 16 Ida. 566, 102 Pac. 361; *Idaho Fruit & L. Co. v. Great Western Electric etc. Co.,* 18 Ida. 1, 107 Pac. 989; *Smith v. Stanfield,* 29 Ida. 192, 158 Pac. 239, C. S., sec. 7975; *Fleming v. Baker,* 12 Ida. 346, 85 Pac. 1092; *Francis v. Green,* 7 Ida. 668, 65 Pac. 362; *Barton v. Dunlap,* 8 Ida 82, 66 Pac. 832.)

Where one of the parties has fully executed his part of the contract, the memorandum does not need to be signed by both parties, and, in fact, under our statute, no written memorandum is then required. (*Houser v. Hobart,* 22 Ida. 735, 127 Pac. 997, 43 L. R. A., N. S., 410; *Luckhart v. Ogden,* 30 Cal. 548.)

Tenants who enter into possession under a void lease become tenants from year to year from the time of their entry. (*Coudert v. Cohn,* 118 N. Y. 309, 16 Am. St. 761, 23 N. E. 298, 7 L. R. A. 69.)

That the plaintiff had knowledge of said lease, and had thereafter received and accepted the benefits of such lease, would constitute estoppel. (16 Cyc. 787; *Ryer v. Oesting,* 119 Cal. 564, 51 Pac. 857; *Fremont County v. Warner,* 7 Ida. 367, 63 Pac. 106.)

Agreement on essential facts is binding contract for lease though formal contract is still to be prepared. (*Levin v. Saroff,* 54 Cal. App. 285, 201 Pac. 961.)

S. T. Lowe, for Respondent.

"It is essential to the creation of a valid lease that it contain a definite agreement as to the extent and boundary of the property leased; a definite and agreed term; a definite and agreed price of rental and the time and manner of payment." (*Levin v. Saroff,* 54 Cal. App. 285, 201 Pac. 961; Jones on Landlord and Tenant, p. 170, sec. 137A; *Cochrane v. Justice Min. Co.,* 16 Colo. 415, 26 Pac. 780; *Boston Clothing Co. v. Solberg,* 28 Wash. 262, 68 Pac. 715.)

A memorandum signed by an owner agreeing to lease his premises held too uncertain to constitute a contract. (*Winebaugh v. Gay,* 27 Cal. App. 603, 150 Pac. 1003; *Dillingham v. Dahlgren,* 52 Cal. App. 322, 198 Pac. 832.)

Defendant's exhibit No. 2 did not constitute a valid contract for a lease between the defendant and Butler, for there were mutual covenants to be performed by each party and the same was not signed by the defendant Jacobs, and there is no mutuality between the parties. (*Houser v. Hobart,* 22 Ida. 735, 127 Pac. 997, 43 L. R. A., N. S., 410; *Kerr v. Finch,* 25 Ida. 32, 135 Pac. 1165; *Seder v. Grand Lodge,* 35 Ida. 277, 206 Pac. 1052.)

It was too indefinite and uncertain to constitute a valid contract, taking the same out of the statute of frauds. (*Gault v. Stormont,* 51 Mich. 636, 17 N. W. 214; *Ebert v. Cullen,* 165 Mich. 75, 130 N. W. 185, 33 L. R. A., N. S., 84.)

"A contract that is incomplete, uncertain or indefinite in its material terms will not be specifically enforced in equity." (Pomeroy's Eq. Remedies, 4th ed., sec. 764; *Los Angeles etc. Co-operative Assn. v. Phillips,* 56 Cal. 539; *Klein v. Markarian,* 175 Cal. 37, 165 Pac. 346.)

WM. E. LEE, J.—The respondent, Gaskill, the owner of the premises in controversy, leased them to one Butler.

On or about May 21, 1918, during the term of the said lease, appellant entered into negotiations with Butler for the purpose of subleasing the premises. Butler agreed to lease the premises to appellant, and the following memorandum, referred to as defendant's exhibit 2, was signed and delivered to appellant:

"May 21, 1918.

"I hereby agree to lease to H. A. Jacobs the store room that I now occupy on or before July first, 1918, or as soon as the Gudmunsen room is ready for me, for a term of two years at a rental of $100, in advance.

"Received on account $50.00 of the June rent.

"J. M. BUTLER."

At the time the memorandum was signed it was understood between the parties that they would subsequently make and execute a lease in writing. Under this arrangement, appellant took possession of the premises, and paid rent therefor up to and including the month of February, 1920, Some time after appellant entered upon the premises, Butler had a lease prepared and delivered it, together with a copy, to appellant for execution by him, but appellant failed to execute the instrument and gave no reason therefor. Butler thereafter notified appellant that he had failed to pay the rent promptly when due and had failed to execute the lease, and that if he desired to continue to occupy the premises, it would be necessary to enter into a new agreement. Appellant continued to occupy the premises, but made no effort to secure any lease or agreement.

A few months before this action was begun, the lease between respondent and Butler was terminated by agreement, and respondent, desiring to remodel and enlarge the premises, negotiated with appellant with a view to leasing the property to him for a definite term, but no lease was entered into for the reason that they could not agree upon the rental. Respondent then leased the premises to another. Notices to vacate were served upon appellant, and an action was instituted in the probate court for the restitution of the premises and damages for their wrongful detention. Respondent

prevailed in the probate court, and the defendant appealed to the district court. The cause was tried in the district court *de novo,* and the jury returned a verdict in favor of respondent and fixed his damages in the sum of $333.33. Judgment was entered in accordance with the verdict, and from the judgment this appeal is prosecuted.

It is not claimed that appellant was not lawfully in possession of the premises prior to the giving of notice to surrender possession thereof. The question before us is the nature of his right, and it is admitted by respondent that the judgment must be reversed if appellant was holding under a valid lease for a term of two years. Appellant answered that he held the premises under a lease for two years; that the lease had not expired and had not been terminated; and that respondent had notice of the lease and received its benefits.

Defendant's exhibit 2 is not sufficient to constitute a lease. This writing does not satisfy the requirements of C. S., sec. 7974, or of C. S., sec. 7976. It is not definite and certain; it is not complete within itself as to all the essentials of a lease of real property for a term of more than one year so that nothing is left to be established by parol. (*Thompson v. Burns,* 15 Ida. 572, 99 Pac. 111.) The court properly instructed the jury that the writing was insufficient to satisfy C. S., sec. 7976. (Browne on the Statute of Frauds, 4th ed., p. 461, sec. 371; *Kerr v. Finch,* 25 Ida. 32, 135 Pac. 1165; *Houser v. Hobart,* 22 Ida. 735, 127 Pac. 997, 43 L. R. A., N. S., 410; *Dillingham v. Dahlgren,* 52 Cal. App. 322, 198 Pac. 832; *Wineburgh v. Gay,* 27 Cal. App. 603, 150 Pac. 1003; *Gault v. Stormont,* 51 Mich. 636, 17 N. W. 214.) The writing was at most nothing more than an agreement to give a lease which was thereafter to be prepared and executed.

"Under the authorities, to create a valid contract of lease, but few points of mutual agreement are necessary: First, there must be a definite agreement as to the extent and bounds of the property leased; second, a definite and agreed term; and third, a definite and agreed price of rental, and

the time and manner of payment. These appear to be the only essentials.'' (Jones on Landlord and Tenant, p. 170, sec. 137a.)

See, also, *Levin v. Saroff*, 54 Cal. App. 285, 201 Pac. 961; *Boston Clothing Co. v. Solberg*, 28 Wash. 262, 68 Pac. 715; *Cochrane v. Justice Mining Co.*, 16 Colo. 415, 26 Pac. 780.

Defendant's exhibit 2, hereinbefore quoted, when tested by the foregoing statement of what constitutes a valid agreement to lease, is indefinite and uncertain on all the required ''points of mutual agreement.'' The exhibit is no more than it purports to be, to wit: a receipt for $50 and evidence of a promise on the part of Butler thereafter to make and execute a lease.

It is contended, however, that the evidence shows that the writing, together with the conversations between the parties, was sufficient to constitute an agreement to lease. Conceding, for the purpose of argument, that this position is tenable, we find that the evidence shows that the contract to lease merely gave to appellant the right to lease the property upon terms and conditions to be contained in a written lease thereafter to be prepared. Appellant refused to execute the lease prepared and submitted by Butler, the terms of which must have been satisfactory, since no objection was made. Under these circumstances, by not executing the lease when it was presented to him for that purpose, appellant breached the agreement to lease. (*Levin v. Saroff*, *supra; Wineburgh v. Gay, supra.*) Butler had a right, therefore, to treat appellant's failure to execute the lease as a breach of their agreement, and to rescind the contract to lease. He so informed appellant. The abrogation of the contract to lease resulted in leaving appellant occupying the premises as a tenant at will, subject to be ousted after notice provided by law. Such being the nature of his tenancy, the mere lapse of time could not enhance his interest, and no matter how long he continued to occupy the premises as a tenant at will, he could not, on that account, become more than a tenant at will.

The decision of this court in *Deeds v. Stephens*, 8 Ida. 514, 69 Pac. 534, is not in conflict with our position. In that case, each of the parties had partly performed an oral agreement to lease, and the tenant was insisting upon the execution of a lease in compliance with their oral agreement. This court held that the oral agreement should be specifically performed. In that case, there was no breach of the oral agreement by the tenant, while in this case, the tenant refused to execute a lease.

Error is claimed in that the court permitted the respondent to amend his complaint to conform to the proof. The amendment did not inject a new cause of action; it merely increased the amount of damages prayed for. It required no new or additional evidence. Appellant was also permitted to amend his answer. The matter of amendments to pleadings is within the sound discretion of the trial court, and we are of the opinion that the court did not abuse its discretion in allowing the amendment. C. S., sec. 7182, provides that when a cause has been appealed to the district court " . . . . The district court has the same power to grant relief by amendment and otherwise, as in actions commenced in the district court."

Such an amendment as that here permitted is allowable under C. S., sec. 6726. (*Sebree v. Smith*, 2 Ida. (Hasb.) 359, 16 Pac. 915. See, also, *Obermeyer v. Kendall, ante*, p. 283, 220 Pac. 751.)

It is claimed that the court erred in refusing to admit defendant's exhibits 17 and 18. These exhibits were admitted in evidence and are so marked.

Error is claimed from the fact that the court permitted the lease, prepared by Butler and delivered to appellant to be executed by him, to be admitted in evidence. The exhibit had no probative value other than as evidence that a lease had been prepared and delivered to defendant and not signed by him. The court expressly restricted it to such purpose. This was not error.

Appellant assigns the insufficiency of the evidence to sustain the verdict as a ground for a reversal of the judgment.

There is not only substantial but ample evidence to sustain the verdict. Where there is substantial evidence which, if uncontradicted, would sustain the verdict of the jury, this court will not disturb the verdict.

The other assignments of error have been examined and found to be without merit.

Judgment affirmed. Costs to respondent.

McCarthy, C. J., and William A. Lee, J., concur.