326 P.2d 986

James C. BENNETT and Ida M. Bennett, husband and wife, Plaintiffs-Appellants,

v.

D. F. RICHARDS and Gladys Richards, husband and wife, and Bonneville Hotel, Inc., a corporation, Defendants-Respondents.

No. 8628.

Supreme Court of Idaho.

June 19, 1958.

A. A. Merrill, Idaho Falls, for appellants.

Albaugh, Bloem, Barnard & Smith, Idaho Falls, for respondents.

McQUADE, Justice.

Appellants have appealed from a judgment of dismissal of their complaint.

Respondents D. F. Richards and Gladys Richards, his wife, and appellants J. C. Bennett and Ida M. Bennett, his wife, are the owners of the stock of a corporation known as Bonneville Hotel, Inc., the principal place of business and property being situated in Idaho Falls, Idaho. The corporate stock is owned equally between the two families. Each of the four persons party hereto is a corporation board member, with D. F. Richards as president, Ida M. Bennett as vice president, and J. C. Bennett as secretary and treasurer.

J. C. Bennett and his wife, Ida M. Bennett, brought an action against D. F. Richards and Gladys Richards as husband and wife and Bonneville Hotel, Inc., a corporation, for the purpose of compelling the president, D. F. Richards, for and on behalf of the corporation, to execute a written lease between the Bonneville Hotel, Inc., and the appellants for a portion of the premises located in the Bonneville Hotel.

In their amended complaint, the plaintiffs allege:

In 1950, a new addition was built onto the Bonneville Hotel, and shortly thereafter, February 1, 1951, the respondent D. F. Richards and appellant J. C. Bennett entered into a verbal agreement, under the terms of which each agreed as follows: That D. F. Richards would, when the addition was completed, be allowed to occupy room No. 522 as an apartment or private office, and that J. C. Bennett would, when it was completed, be allowed to occupy room No. 424 for the same purpose; each of the rooms was built in accordance with the plans and specifications of the two men; that at said time

and place, the corporation, through its president, D. F. Richards, and its secretary-treasurer, J. C Bennett, and its vice president, Ida M. Bennett, entered into an oral agreement that after Richards and Bennett had taken possession of their rooms, a written lease would be executed. It was further agreed that the officers would execute leases with one another.

Pursuant to said agreement, Richards took possession of his room June 30, 1953, vacated the room in November, 1953, and re-occupied the room in February of 1954. Bennett took possession of his room in October, 1951, and continued as an occupant until October, 1954, when due to overcrowded conditions, he temporarily vacated the same with the express agreement with D. F. Richards, as president of the corporation, that when he requested the return of the room, the corporation would execute a lease to him and that the said D. F. Richards agreed to sign a lease as president of said corporation.

After the verbal agreement was entered into, President Richards prepared a lease whereby the corporation leased the room to Richards, and he presented the same to Bennett and his wife for execution, which they signed in their capacities as secretary-treasurer and vice president. Appellant Bennett alleges that he and his wife executed the lease in February, 1954, with Richards for and on behalf of the corporation in consideration that Richards and his wife, Gladys Richards, would execute a similar lease, as president and board members of the corporation, to Bennett and his wife.

February 5, 1957—three years later—appellant Bennett requested Richards to sign a written lease on behalf of the corporation for the rental of space to the appellant. Respondent D. F. Richards refused to sign the lease, and refuses to be bound by his agreement, either as an individual or as an officer of the corporation; that the appellant and his wife are entitled to the use of the room by reason of the agreement, and also as an undivided one-half owner of the Bonneville Hotel; that the respondent Richards, without the consent of the board of directors, orally rented the space desired by Bennett to Mrs. Olive Hays on a "per day" basis; that Mrs. Olive Hays has been given a written notice, through its secretary, that she must vacate the room on or before September 1, 1957, but she refuses to so vacate.

For a separate and second cause of action, the appellants Bennett allege a written lease executed by the Bennetts in their corporate capacities, which is as follows:

"That after the defendant D. F. Richards had refused to sign said lease for the leasing of said Room No. 424 of the Bonneville Hotel to plaintiff, as an officer of said corporation and as he

had agreed to do, said corporation did on February 5, 1957, in ful*l*fillment of its agreement with the plaintiff, execute and deliver to the plaintiff, J. C. Bennett, a written lease signed by Ida M. Bennett as vice-president and attested by J. C. Bennett as secretary for the leasing of Room No. 424, and did then and there deliver a copy of said signed lease to the plaintiff keeping a signed copy for his files. That upon executing said lease the plaintiff paid to said Bonneville Hotel corporation the sum of $100.00 as and for the first mon*ths* rent in advance; but defendant D. F. Richards has refused to allow the manager of said Hotel to allow plaintiff to take possession of said office room No. 424. * * * "

The appellant assigns the action of the trial court in sustaining both the general and special demurrers to the first cause of action as error. The special demurrer alleged the agreement came within the purview of I.C. sec. 9–505(5), which is as follows:

"In the following cases the agreement is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent. Evidence therefore, of the agreement can not be received without the writing or secondary evidence of its contents: * *

"5. An agreement for the leasing, for a longer period than one year, or for the sale, of real property, or of an interest therein, and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

█ There are several essentials required to make a valid contract and to take it out from under the application of the Statute of Frauds. The parties had not agreed upon either a rental or tenure of the contract. This Court, in Gaskill v. Jacobs, 38 Idaho 795, 225 P. 499, 500, said:

" 'Under the authorities, to create a valid contract of lease, but few points of mutual agreement are necessary: First, there must be a definite agreement as to the extent and bounds of the property leased; second, a definite and agreed term; and, third, a definite and agreed price of rental, and the time and manner of payment. These appear to be the only essentials.' Jones on Landlord and Tenant, p. 170, § 137a."

The Supreme Court of Wisconsin, in Falk v. Devendorf, 172 Wis. 10, 177 N.W. 894, 895, held that where there was an executed oral contract for the lease of premises for a period of one year, followed by an option to renew for three years, the renewal

provision came within the prohibition of the Statute of Frauds. That Court said:

"So much of the arrangement between the defendant and Broecker in August, 1918, as purported to give defendant the right of possession at the specified rental for the term of one year is conceded by plaintiff, and so treated by the courts below as being binding and effectual. So much, however, of such agreement as purports to grant defendant any right to possession after the expiration of such first year is manifestly within the statute of frauds (sections 2302 and 2304, Stats.), and was correctly so held. * * *"

See also Raff v. Baird, 76 Idaho 422, 283 P.2d 927, 930, wherein it is said:

"* * * The purported agreement therefore lacked mutuality. Burnham v. Henderson, 47 Idaho 637, 278 P. 221. Second, the contract, so far as plaintiff's evidence goes, is so incomplete and uncertain as to indicate that there was no meeting of the minds of the parties on certain essential elements. Assuming that the recital of the consideration in the deed, annexed to the answer, is sufficient to indicate an agreement on the purchase price, there is no evidence as to the amount of the consideration which was to be rendered in materials and labor, or the amount to be covered by the proceeds of the proposed loan, nor the time when or within which the consideration was to be paid. Neither is there any showing that a loan could be obtained for the unstated amount required to complete the purchase. In short, it appears the supposed agreement remained in the stage of negotiation.

"Under the statute of frauds, a nonconforming 'agreement is invalid.' § 9–505, I.C. To meet its requirements, the essential elements of the agreement cannot rest in parol. Gaskill v. Jacobs, 38 Idaho 795, 225 P. 499."

Also assigned as error is the sustaining of the general and special demurrer to the second cause of action.

The amended complaint alleges in the second cause of action a written lease between officers of the corporation who are husband and wife. Any financial benefit to the husband would also enrich the community estate and would be a benefit to the wife, who acted in her corporate capacity when signing the lease.

■ To prevent officers from using their corporate offices for their personal benefit, this court said in Whicher v. Delaware Mines Corp., 52 Idaho 304, 15 P.2d 610, 616:

"'* * * Trustees may not vote as trustees upon matters coming before

the board in which they have a personal interest, and if a trustee does, the action of the board is voidable and may be set aside at the instance of the corporation, or nonconsenting stockholders.' Hein v. Gravelle Farmers' Elevator Co., 164 Wash. 309, 2 P.2d 741, 744, 78 A.L.R. 631."

See also Smith v. Pacific Vinegar & Pickle Works, 145 Cal. 352, 78 P. 550, 104 Am.St. Rep. 42.

■ It appears on the face of the amended complaint that the other officers would not approve the lease, and this presents the question as to whether the defect is reached by a general demurrer. The disapproval of the corporate officers voided the instrument, and with this complete defense appearing on the face of the amended complaint, it was subject to a general demurrer for failure to state facts sufficient to constitute a cause of action.

"The existence of a defense, apparent on the face of the complaint, which will defeat plaintiff's present right to recover, such as the nonassignability of the claim, is ground for demurrer for failure to state facts sufficient to constitute a cause of action." MacLeod v. Stelle, 43 Idaho 64, 249 P. 254, 256.

Our Court has also stated this rule in: Whiffin v. Union Pacific Railroad Co., 60 Idaho 141, 89 P.2d 540, and Smith v. Oregon Short Line R. Co., 47 Idaho 604, 277 P. 570.

The judgment is affirmed.

Costs to respondents.

KEETON, C. J., PORTER and SMITH, JJ., and CARVER, D. J., concur.

TAYLOR, J., not participating.