364 P.2d 173

J. R. FARBER, R. L. Farber and Earl R. Farber, Plaintiffs-Appellants,

v.

DEWEY–DAVIS ESTATE, INC., a Corporation, Defendant-Respondent.

No. 8970.

Supreme Court of Idaho.

July 5, 1961.

Rehearing Denied Sept. 5, 1961.

Earl E. Reed, Nampa, Vernon Daniel, Payette, for appellants.

Milo Axelsen, Nampa, for respondent.

McQUADE, Justice.

This is an action for specific performance, or, in the alternative, damages, for breach of an option agreement for lease of real property.

Defendant corporation owns certain business property in Nampa, Idaho. The parties hereto entered into an agreement November 6, 1959, by which plaintiffs duly acquired a 30-day option to lease such property.

The option, after setting forth names of the parties, the consideration, and a description of the property, provides:

" * * * The lease term to be for fifty years, $500.00 rental per month, net to the grantor, with an option for a renewal for forty-nine years at $500.-00 per month net to the grantor of 3½ per cent (3½%) gross income, whichever is greater.

"Grantor to deliver premises as is on possession date and grantor to have no obligation of maintenance or repair to improvements.

"A suitable lease agreement of standard provisions acceptable to both parties for bank financing to be drawn upon acceptance of said option. The renter to have the privilege of removing, remodeling or modification of buildings for tenants use without restriction.

"Lease agreement to be drawn to be subject to protection of present tenants."

Plaintiffs allege they exercised the option and that defendants drafted a lease agreement acceptable to plaintiffs excepting in the following particulars:

"That said lease calls for rental in excess of $500.00 per month as set forth in said option agreement;

"That said lease does not provide for the 49 year option to re-lease on the terms and provisions of the option;

"That said lease agreement does not provide for the property to be subject to bank financing, said property being subject to a first lien mortgage which must be released to permit plaintiffs to obtain bank financing upon the lease-hold interest to be leased under the option agreement."

Plaintiffs further allege they have tendered performance under the option agreement, and defendants have failed to comply therewith. The plaintiffs by their complaint pray for specific performance, or, in the alternative, a judgment for damages in the sum of $100,000.

Attached to the complaint are copies of the option agreement, notice from plaintiff J. R. Farber of election to exercise the option, and the form of the proposed lease.

The proposed lease agreement provides the building or buildings on the property might be razed; that the lessor was to obtain a release of the existing mortgage insofar as it applied to the realty affected for the purpose of the lessees' obtaining financing for new construction.

Defendant moved for dismissal of the action, which was granted on the ground that the clause "A suitable lease agreement of standard provisions acceptable to both parties for bank financing to be drawn upon acceptance of said option" indicated "the option calls for further negotiations between the parties, and the complaint * * * shows on its face that the parties are not in agreement." The trial court further held that the terms "suitable lease agreement" and "acceptable to both parties for bank financing" are "indefinite and without legal meaning."

An amended complaint was filed, substantially the same as the first, with addition of the following allegations:

"That the attached lease contains the ordinary and usual covenants in general use in the State of Idaho for property of the same character and customs in this state.

"That the provision contained in the option providing for a lease agreement with standard provisions acceptable to both parties for bank financing was understood by the parties to the option agreement to mean that the property to be ground leased under the provisions of the option would be free and clear of mortgages, liens or encumbrances against the real property to permit the leasehold interest of the party to obtain bank financing by the mortgage of the lease_hold interest.

"That the term bank financing is a common business term that was well understood by both parties as meaning that the mortgage of the defendants

must be removed at the exercising of the option."

Defendant moved to dismiss the amended complaint on the ground it failed to allege facts sufficient to state a cause of action against the defendant. The trial court granted the motion to dismiss. In his memorandum decision the trial judge held the amended complaint

"* * * adds nothing to the statement of a claim for relief which would warrant a different decision by this Court on the motion to dismiss then the Court's ruling on the motion to dismiss the original complaint * *."

Plaintiffs appeal from this order, citing error of the trial court in dismissing the amended complaint.

This Court has set forth the essentials of a contract of lease in Gaskill v. Jacobs, 38 Idaho 795, 225 P. 499, 500:

"'* * * but few points of mutual agreement are necessary: First, there must be a definite agreement as to the extent and bounds of the property leased; second, a definite and agreed term; and, third, a definite and agreed price of rental, and the time and manner of payment. These appear to be the only essentials.' Jones on Landlord and Tenant, p. 170, § 137a."

This rule was reiterated in Bennett v. Richards, 80 Idaho 140, 326 P.2d 986.

Morgan v. Firestone Tire & Rubber Co., 68 Idaho 506, 201 P.2d 976, 978, upholds an agreement to lease containing the words:

"'* * * Said lease as to form, taxes and assessments, restoration in event of fire and other casualty, and other terms and conditions shall be subject to the approval of both parties hereto.'"

In Morgan v. Firestone Tire & Rubber Co., this Court held the material, essential and necessary terms of a lease had been agreed upon, and that the above-quoted provision was unnecessary to complete the agreement. It said:

"* * * if a written executory contract to make a lease contains a definite statement of the particular elements of the lease, but is silent as to the general, usual, and ordinary covenants and conditions, these will be implied and decree of specific performance granted. * * *"

Plaintiffs by their complaint seek specific performance, or, in the alternative, damages. A greater degree of certainty is required to sustain a decree for specific performance than to sustain judgment for damages. The contract must be complete, definite and certain in all its material terms, or contain provisions which are capable in themselves of being reduced to certainty. Anderson v. Whipple, 71 Idaho 112, 227 P.2d 351.

In light of the above authorities, the trial court erred in dismissing the action. Plaintiffs are entitled to put on proof in support of their amended complaint, including the allegation relating to the meaning of "bank financing" as an alleged "common business term" or as a term understood by the parties, and as to whether the option agreement was sufficient in its terms or can be so construed.

The order of dismissal is reversed, and the cause is remanded to the trial court for proceedings consistent herewith.

Costs to appellant.

TAYLOR, C. J., and SMITH, KNUDSON and McFADDEN, JJ., concur.