779 P.2d 28

**WOLSKE BROTHERS, INC., an Idaho corporation, Plaintiff–Appellant,**

v.

**HUDSPETH SAWMILL COMPANY, an Oregon partnership; Walter E. Heller and Company; and Heller Financial, Inc., Defendants–Respondents,**

**HELLER FINANCIAL, INC., a Delaware corporation, Counterclaimant–Respondent,**

v.

**WOLSKE BROTHERS, INC., an Idaho corporation; and Fred Wolske and Kelvin Wolske, as trustees for Wolske Brothers, Inc., Counterdefendants–Appellants.**

No. 17548.

Court of Appeals of Idaho.

Sept. 1, 1989.

Benjamin C. Rice, Boise, and Stephen W. Boller, Hailey, for plaintiff-appellant.

Michael T. Day, Boise, for defendants-respondents.

## PER CURIAM.

This is an appeal from a summary judgment determining ownership of 430 acres of real property known as Clear Creek, located in Boise County. The dispositive issue is whether the record discloses an enforceable oral agreement, entitling the Wolske Brothers corporation ("Wolske") to a 49% interest in the property. The district court said "no". We agree.

The background facts may be summarized briefly. At times pertinent to this case, Wolske was engaged in the business of logging timber.[1] Hudspeth Sawmill Company, an Oregon partnership, held title to the Clear Creek property, which it had acquired with a loan from Heller Financial, Inc. Wolske and Hudspeth decided to form a joint venture in which Wolske would cut timber on Clear Creek and send the logs to Hudspeth's sawmill. Wolske and Hudspeth were to share the proceeds from the lumber sales. According to Wolske, Hudspeth further agreed orally that Wolske's share of the proceeds would be applied toward purchase of a 49% interest in the ownership of Clear Creek.

For a period of time, Wolske cut the timber and sent the logs to Hudspeth. However, due to financial problems, Hudspeth ordered the logging stopped. Hudspeth eventually filed for bankruptcy, and its ownership of Clear Creek passed to Heller.[2] Wolske filed this action, initially seeking money due upon termination of the logging venture, but later seeking specific performance of the alleged oral agreement entitling Wolske to an interest in Clear Creek. Heller counterclaimed for quiet title. The trial court awarded summary judgment and attorney fees to Heller. Wolske appealed.

## I

The issue of an enforceable oral agreement presents a mixed question of law and fact. Where, as here, the issue is presented on appeal from a summary judgment, we construe the narrative facts liberally in favor of the party resisting the summary judgment motion. *Anderson v. Ethington,* 103 Idaho 658, 660, 651 P.2d 923, 925 (1982). We review freely the district court's conclusions of law. Accordingly, we accept as true Wolske's contention that Hudspeth and Wolske contracted to log the Clear Creek property. We also accept, for the purpose of this discussion, Wolske's further contention that the contract included an oral agreement for Wolske to obtain part ownership of Clear Creek.

■ Applying the law to these facts, however, we note a threshold problem under the Idaho statute of frauds. Idaho Code § 9–505(5) provides that an agreement for the sale of real property is invalid, absent a note or memorandum signed by the party to be charged. The record in this case clearly shows that although the agreement was reduced to writing several times, it never was signed by Hudspeth. Consequently, there was no enforceable agreement between Hudspeth and Wolske to convey part ownership of Clear Creek.

■ We acknowledge that in some circumstances an oral agreement may be removed from the strictures of the statute of frauds by part or full performance. This exception to the statute of frauds is grounded in equity. The exception pro-

---

1. When this action was filed, Wolske was an Idaho corporation. Wolske forfeited its corporate charter in December, 1984. Pursuant to I.C. § 30–1–136, Fred Wolske and Kelvin Wolske as directors of Wolske Brothers, Inc., became trustees of the corporation for the purpose of this action.

2. As security for its loan to Hudspeth, Heller had taken a mortgage on the property. Hudspeth conveyed the property outright to Heller when Hudspeth became financially distressed.

tects a party who demonstrates reliance upon an oral contract by acts that would not have been done but for the contract. *See Southern v. Southern*, 92 Idaho 180, 438 P.2d 925 (1968); *International Business Machines, Inc. v. Lawhorn*, 106 Idaho 194, 198, 677 P.2d 507, 513 (Ct.App.1984). Such reliance cannot be established by conduct referable to a cause other than the oral contract. *International Business Machines*, 106 Idaho at 198, 677 P.2d at 513. Here, the record does not show, nor does it support a reasonable inference, that Wolske relied solely upon the alleged oral agreement. Rather, it shows that Wolske's logging activities could be attributed to its prospective share of the monetary proceeds from lumber sales or to Wolske's indebtedness to Hudspeth in other transactions between them.

Moreover, even if the alleged oral contract were taken out of the statute of frauds, it could not support a decree of specific performance. A court will not order specific performance unless the contract is complete, definite and certain in all of its material terms, or contains provisions which are capable in themselves of being reduced to certainty. *Locklear v. Tucker*, 69 Idaho 84, 90, 203 P.2d 380, 384 (1949). Here, the business arrangement between Wolske and Hudspeth was closer to ongoing negotiations than to a fixed contract. We are unable to discern from the record what amount of proceeds from the lumber sales, allocated to Wolske, would have been sufficient to trigger an entitlement to the 49% interest in Clear Creek. The alleged agreement is too vague to sustain a decree for specific performance. *See, e.g., Anderson v. Whipple*, 71 Idaho 112, 123, 227 P.2d 351, 358 (1951). We uphold the summary judgment for Heller.

## II

Wolske also has appealed the district court's award of attorney fees to Heller. Wolske maintains that Heller was not entitled to the award because Heller did not file its memorandum of costs in a timely fashion. Wolske appears to be contending that because I.R.C.P. 54(d)(5) allows a memorandum of costs to be filed within ten days of "a decision," Heller was required to file its memorandum within ten days of issuance of the district court's memorandum opinion, which occurred 46 days before judgment was entered. We disagree. The clear language of I.R.C.P. 54(d)(5) allows a memorandum of costs to be filed "[a]t any time after ... a decision of the court ... but ... [it] may not be filed later than 10 days after entry of judgment." *See Big O Tires of Idaho, Inc. v. Hanley*, 101 Idaho 56, 608 P.2d 413 (1980). Heller's memorandum of costs was timely filed.

Heller now seeks attorney fees for this appeal under I.C. § 12–121. An award under this section will be made if the appellate court finds that the appeal was brought or pursued unreasonably or without foundation. We will make such a finding when an appeal turns on the application of settled law to undisputed facts, and the appellant has made no substantial showing that the lower court misapplied the law. *Christensen v. Idaho Land Developers, Inc.*, 104 Idaho 458, 660 P.2d 70 (Ct.App.1983). This is such a case. Heller is entitled to a reasonable award of attorney fees on appeal, to be determined under I.A.R. 41.

The judgment of the district court is affirmed. Costs and attorney fees to respondent Heller.