849 P.2d 924

**Elwood (Woody) D. WING,
Plaintiff–Appellant,**

v.

**Lysle MUNNS, Defendant–Respondent.**

No. 20215.

Supreme Court of Idaho,
Boise, December 1992 Term.

Feb. 18, 1993.

Rehearing Denied April 20, 1993.

Daniel L. Hawkley, Boise, for plaintiff-appellant.

Hall & Friedly, Mountain Home, for defendant-respondent. Perce E. Hall, argued.

BAKES, Justice Pro Tem.

This is a review of a decision of the Court of Appeals in *Wing v. Munns*, 123 Idaho 493, 849 P.2d 954 (App.1992). The Court of Appeals reversed a judgment in favor of Munns on his counterclaim for damages for interference with an oral lease. The Court of Appeals reversed the judgment on the counterclaim and directed entry of judgment for the plaintiff Wing on the ground that Munns' evidence in support of his claim of oral lease was insufficient as a matter of law to establish an oral lease. The Court of Appeals held (1) that Munns' claimed oral lease was too indefinite because of lack of an agreement as to the amount of and the description of the property to be leased, and (2) that the oral lease was barred by the statute of frauds.

We have reviewed Munns' evidence in support of his claim of an oral lease and agree with the Court of Appeals that, reviewing the evidence in the record most favorably in support of Munns, as we must do, *Lopez v. Langer*, 114 Idaho 873, 761 P.2d 1225 (1988), there is no evidence that Munns and Wing ever orally agreed as to the amount of property to be leased, or what the boundaries of the property to be leased were. Munns acknowledged in his testimony that he never discussed with Wing the amount of or the boundaries of the property which was to be the subject of the oral lease and, while he had an idea as to what the boundaries were, "Woody [Wing] maybe had his opinion of another." Aside from the problem of the statute of frauds, an oral agreement which lacks an understanding of the amount and description of the property to be leased is too indefinite to be enforced. *Bennett v. Richards*, 80 Idaho 140, 326 P.2d 986 (1958); *Wolske Bros., Inc. v. Hudspeth Sawmill Co.*, 116 Idaho 714, 779 P.2d 28 (Ct.App. 1989).

Since we agree with the Court of Appeals that the oral agreement was not sufficiently definite and certain in all its material terms to be enforceable, we need not address the balance of the Court of Appeals opinion dealing with the statute of frauds and injunction issues. We affirm the Court of Appeals' reversal of the judgment of the district court.

The judgment of the district court is reversed. Costs to appellant; no attorney fees allowed.

McDEVITT and TROUT, JJ., concur.

JOHNSON, Justice, dissenting.

I respectfully dissent from the opinion of the Court.

The premise of the opinion is that Munns did not present sufficient evidence of an oral lease to avoid a directed verdict. The purported deficiency in the evidence relates to the amount of and description of the property leased. The result reached by the Court on this reasoning is to overturn the verdict of the jury awarding Munns damages for interference with his water supply. By his counterclaim, Munns sought only to be compensated for these damages, not to enforce a lease.

The evidence is clear. Wing agreed that Munns could stay on the property in his trailer house for two years. In the argument to the trial court in support of Wing's motion for directed verdict, Wing's attorney stated:

There is no issue before the court as to whether or not some kind of tenancy was established. The plaintiff admits that in fact when he purchased the property, he did not attempt to evict the man immediately, nor did he bring an unlawful detainer action. In fact, *he agreed the man could stay there two years.*

(Emphasis added).

The trial court instructed the jury:

In this case the Defendant has asserted a counterclaim that the Plaintiff has breached an agreement that Defendant could reside on the Plaintiff's land for a 2 year period by interfering with the water supply to Defendant's residence. Defendant has the burden of proving each of the following propositions:

1. That such an agreement was in existence between Plaintiff and Defendant;

2. That the Plaintiff has failed to substantially perform the agreement;

3. That because of Plaintiff's failure to perform the Defendant has been damaged; and

4. The nature and amount of the damages suffered by the Defendant.

Wing has not contested this instruction on appeal.

The evidence and Wing's admission indicate that Wing agreed Munns could live in his trailer house on Wing's property for two years. Whether Munns had the right to occupy more than the ground on which his trailer house sat is not germane. I cannot agree that the motion for a directed verdict should have been granted because the agreement was uncertain how much more property Munns was entitled to use. Munns use of the water related to his trailer house only.

BISTLINE, J., concurs.